| **Fill in this information to identify your case:** |
| --- |
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter  **11** |

☐ Check if this an amended filing

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy     4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Loot Crate, Inc.** |
| **2.** | **All other names debtor used in the last 8 years**  Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **46-1447119** |

| | | | | |
|---|---|---|---|---|
| **4.** | **Debtor's address** | **Principal place of business** | | **Mailing address, if different from principal place of business** |
| | | **3401 Pasadena Avenue**  **Los Angeles, CA 90031-1929**  Number, Street, City, State & ZIP Code | | _____  P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Los Angeles**  County | | **Location of principal assets, if different from principal place of business**  _____  Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | **www.lootcrate.com** |
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  ☐ Partnership (excluding LLP)  ☐ Other. Specify: _____ |

Debtor  **Loot Crate, Inc.**                                    Case number (*if known*)
         Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   __4541__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
   ☐ A plan is being filed with this petition.
   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

Debtor  **See Attachment**                                    Relationship _____
District _____  When _____  Case number, if known _____

Debtor  **Loot Crate, Inc.**                                                                             Case number (*if known*)
           Name

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br>■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No<br>☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br>**Where is the property?** _____<br>    Number, Street, City, State & ZIP Code<br>**Is the property insured?**<br>☐ No<br>☐ Yes.  Insurance agency _____<br>        Contact name _____<br>        Phone _____ |

■ **Statistical and administrative information**

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | . | *Check one:*<br>■ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |
| **14. Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>■ 200-999 | ☐ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| **15. Estimated Assets** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>■ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>■ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

Debtor  **Loot Crate, Inc.**                                                        Case number (*if known*)
        Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **August 11, 2019**
              MM / DD / YYYY

X **/s/ Stuart Kaufman**                                **Stuart Kaufman**
Signature of authorized representative of debtor        Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

X **/s/ Jamie L. Edmonson**                             Date **August 11, 2019**
Signature of attorney for debtor                             MM / DD / YYYY

**Jamie L. Edmonson**
Printed name

**Robinson & Cole LLP**
Firm name

**1000 N. West Street**
**Suite 1200**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 295-4800**       Email address  **jedmonson@rc.com**

**4247 DE**
Bar number and State

| Debtor | **Loot Crate, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (*if known*) _____   Chapter  **11**

☐ Check if this an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| Debtor | **LC Funding, Inc.** | | Relationship to you | **Affiliate** |
|---|---|---|---|---|
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Loot Crate Holdings, Inc.** | | Relationship to you | **100% owner of Loot Crate, Inc.** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Loot Crate Parent, Inc.** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LOOT CRATE, INC., | ) | Case No. 19-_____ ( ) |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Loot Crate, Inc. (the "***Debtor***") lists below all persons that directly own 10% or more of any class of the corporation's outstanding shares of capital stock:

| **OWNER** | **PERCENTAGE OF SHARES** |
|---|---|
| Loot Crate Holdings, Inc. | 100% |

The Debtor declares under penalty of perjury that this Corporate Ownership Statement is true and correct.

Dated: August 11, 2019

                                       **LC FUNDING, INC.**

                                       */s/ Stuart Kaufman*
                                       Stuart Kaufman
                                       Chief Restructuring Officer
                                       3401 Pasadena Avenue
                                       Los Angeles, California, 90031
                                       Telephone: (312) 781-7526
                                       Email:    SKaufman@pppllc.com

**LOOT CRATE PARENT, INC.**
**LC FUNDING, INC.**
**LOOT CRATE HOLDINGS, INC.**
**LOOT CRATE, INC.**

### Officer's Certificate

### August 11, 2019

I, Stuart Kaufman, do hereby certify, on behalf of Loot Crate Parent, Inc., a Delaware corporation, LC Funding, Inc., a Delaware corporation, Loot Crate Holdings, Inc., a Delaware corporation, and Loot Crate, Inc., a Delaware corporation (each, a "***LC Entity***," and collectively, the "***LC Entities***"), and not individually, that I am the duly appointed and acting Chief Restructuring Officer of each LC Entity, and that, as such, I am authorized to execute and deliver this certificate.

I further certify, on behalf of each LC Entity and not individually, as of the date hereof, that attached hereto as Exhibit A is a true, correct, and complete copy of the resolutions duly adopted by the Boards of Directors of the LC Entities pursuant to a duly held meeting. Such resolutions or any LC Entity actions taken pursuant thereto have not been amended, superseded, modified, or rescinded, and such resolutions are in full force and effect on the date hereof.

IN WITNESS WHEREOF, I have hereunto set my hand on the date first written above.

By: /s/ Stuart Kafuman
Name: Stuart Kaufman
Title: Chief Restructuring Officer of
        Loot Crate Parent, Inc.,
        LC Funding, Inc.,
        Loot Crate Holdings, Inc. and
        Loot Crate, Inc.

537822679.7

# **EXHIBIT A**

**[See Attached]**

**EXHIBIT A**

**RESOLUTIONS OF
THE BOARDS OF DIRECTORS
OF
LOOT CRATE PARENT, INC.,
LC FUNDING, INC.,
LOOT CRATE HOLDINGS, INC.
AND
LOOT CRATE, INC.**

**WHEREAS,** the members of the Boards of Directors (the "***Boards***") of Loot Crate Parent, Inc., a Delaware corporation ("***Parent***"), LC Funding, Inc., a Delaware corporation ("***Funding***"), Loot Crate Holdings, Inc., a Delaware corporation ("***Holdings***"), and Loot Crate, Inc., a Delaware corporation (the "***Company***;" and together with Parent, Funding and Holdings, the "***LC Entities***") have (a) regularly and carefully reviewed the materials and other information presented by the LC Entities' management and advisors regarding the LC Entities' business conditions, the LC Entities' operations, their current and projected financial position, and other relevant information; (b) thoroughly evaluated the LC Entities' strategic alternatives, including a possible restructuring; (c) conferred extensively with the LC Entities' management and advisors regarding these matters; (d) determined that the filing of a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") is in the best interest of the LC Entities, their creditors, their stockholders, and other interested parties; (e) determined that the entry into the Financing Transactions (as defined herein) is in the best interest of the LC Entities, their creditors, their stockholders, and other interested parties; (f) determined that entry into the Sale Transaction (as defined herein) is in the best interest of the LC Entities, their creditors, their stockholders and other interested parties; and (g) determined that it is in the best interest of the LC Entities, their creditors, their stockholders, and other interested parties that the LC Entities retain the Restructuring Professionals (as defined herein).

**CHAPTER 11 FILING**

**NOW THEREFORE, BE IT RESOLVED,** that the LC Entities shall be, and each of them individually hereby is, authorized to file, on or before August 11, 2019, a voluntary petition (the "***Petition***") for relief under the Bankruptcy Code (the "***Chapter 11 Case***"), in the United States Bankruptcy Court for the District of Delaware or such other court as an officer of such LC Entity (each, an "***Authorized Signatory***" and collectively, the "***Authorized Signatories***") shall determine to be appropriate (the "***Bankruptcy Court***"), and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness, or necessity thereof.

**RESOLVED FURTHER,** that the Authorized Signatories shall be, and each of them individually hereby is, authorized, directed, and empowered, in the name and on behalf of the respective LC Entity, to: (a) execute, acknowledge, deliver, and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such Authorized Signatory, in such person's discretion, deems necessary,

desirable, or appropriate to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify, and file or cause to be filed all petitions, schedules, statements, lists, motions, applications, and other papers or documents necessary or desirable in connection with the foregoing; (c) execute, acknowledge, deliver, and verify any and all other documents necessary, desirable, or appropriate in connection therewith and to administer the LC Entities' Chapter 11 Case in such form or forms as any such Authorized Signatory may approve, and the actions of any Authorized Signatory taken pursuant to this resolution, including the execution, acknowledgment, delivery, and verification of the Petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of such Authorized Signatory's approval and the necessity, desirability, or appropriateness thereof; and (d) take any action as may be deemed necessary, desirable, or appropriate to carry out the intent of this resolution, including the filing of the Petition and any ancillary documents.

**EXECUTIVE AUTHORITY**

**RESOLVED FURTHER**, that the Authorized Signatories shall be, and each of them individually hereby is, authorized, directed, and empowered, in the name and on behalf of the respective LC Entity, to (a) expand the retention of Mark Palmer of Theseus Strategy Group to oversee the preparation of the LC Entities' filings in connection with the Chapter 11 Case and be involved in all aspects related thereto (the "*Interim Management Services*") and (b) negotiate and enter into a services agreement with Mark Palmer of Theseus Strategy Group in connection therewith substantially in the form provided to or discussed with the Boards (the "*Services Agreement*").

**RESOLVED FURTHER,** that Mark Palmer's duties as chief transformation officer of each LC Entity ("*CTO*") shall be primarily focused on the Sale Transaction and operations, including, but not limited to, vendor management and employees, until his earlier death, resignation or removal.

**RESOLVED FURTHER**, that Mark Palmer will report directly to the Board of each LC Entity.

**RESOLVED FURTHER**, that the Authorized Signatories be, and each hereby is, authorized, in his or her discretion in the name of and on behalf of the respective LC Entity to take such further action as is necessary in the performance of all the respective LC Entity's obligations arising under or relating to retaining Mark Palmer of Theseus Strategy Group to provide Interim Management Services, including Mark Palmer as a CTO, whether now existing or hereafter incurred, to make, execute, and deliver any and all agreements, documents, instruments, papers, or writings as may be required or desirable in connection with, or in furtherance of, retaining Mark Palmer of Theseus Strategy Group, including the Services Agreement, pay retainers, and to do any and all other acts necessary or desirable to effectuate such retention and the transactions contemplated thereby.

**RESOLVED FURTHER**, that Christopher Davis will continue as Chief Executive Officer of each LC Entity with duties focused on sales, marketing, and curation and Stuart Kaufman will

continue as a CRO of each LC Entity with duties primarily focused on finance matters, reporting, and case management for the Chapter 11 Case.

**RESTRUCTURING PROFESSIONALS**

**RESOLVED FURTHER,** that the Authorized Signatories shall be, and each of them individually hereby is, authorized, directed, and empowered, in the name and on behalf of the respective LC Entity, to retain: (a) Bryan Cave Leighton Paisner LLP ("***BCLP***"), as lead counsel; (b) Robinson & Cole LLP ("***RC***"), as Delaware and conflicts counsel; (c) FocalPoint Securities, LLC, as investment banker, pursuant to an amended engagement letter substantially in the form provided to or discussed with the Boards; (d) Portage Point Partners, as financial advisor; (e) Stuart Kaufman of Portage Point Partners, as CRO; (f) Mark Palmer of Theseus Strategy Group, as CTO; (g) Bankruptcy Management Solutions, Inc. d/b/a Stretto, as claims agent, pursuant to an engagement letter substantially in the form provided to or discussed with the Boards; (h) Sitrick and Company, as communications and public relations consultant, pursuant to an engagement letter substantially in the form provided to or discussed with the Boards; and (i) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, agents, or brokers (together with the foregoing identified firms, the "***Restructuring Professionals***"), in each case as in any such Authorized Signatory's judgment may be necessary, desirable, or appropriate in connection with the LC Entities' Chapter 11 Case and other related matters, on such terms as such Authorized Signatory or Authorized Signatories shall approve and such Authorized Signatory's retention thereof to constitute conclusive evidence of such Authorized Signatory's approval and the necessity, desirability, or appropriateness thereof.

**RESOLVED FURTHER,** that the law firms of BCLP and RC and any additional special or local counsel selected by the Authorized Signatories, if any, shall be, and hereby are, authorized, empowered, and directed to represent the LC Entities, as debtors and debtors in possession, in connection with any Chapter 11 Case commenced by or against it under the Bankruptcy Code.

**DEBTOR IN POSSESSION FINANCING, CASH COLLATERAL AND ADEQUATE PROTECTION**

**RESOLVED FURTHER,** that the LC Entities, as debtors and debtors in possession under chapter 11 of the Bankruptcy Code, shall be, and each hereby is, authorized to: (a) enter into and incur any obligations under a new debtor in possession financing ("***DIP Financing***") facility or facilities, including use of cash collateral as set forth below, and any associated documents and consummate the transactions contemplated therein, for funding substantially consistent with the budget substantially in the form provided to or discussed with the Boards, and pursuant to a credit agreement (substantially in the form provided to or discussed with the Boards) with Money Chest LLC (the "***DIP Lender***"), subject to modifications (collectively, the "***Financing Transactions***") as may be approved by any one or more of the Authorized Signatories, as may be necessary, desirable, or appropriate for the continuing conduct of the affairs of the LC Entities; and (b) pay related fees, incur (or guarantee, as applicable) the debt and other obligations and liabilities contemplated by the Financing Transactions, and grant security interests in and liens upon some, all, or substantially all of the LC Entities' assets in each case as may be deemed

3

necessary, desirable, or appropriate by any one or more of the Authorized Signatories in connection with the Financing Transactions.

**RESOLVED FURTHER,** that: (a) the Authorized Signatories shall be, and each of them individually hereby is, authorized, directed, and empowered, in the name and on behalf of the each LC Entity, as a debtor and debtor in possession, to take such actions and execute, acknowledge, deliver, and verify such certificates, instruments, guaranties, credit agreements, pledge agreements, security agreements, promissory notes, letter of credit applications, mortgages, intellectual property security agreements, account control agreements, other collateral documents or security instruments, instruments, notices, and any and all other agreements or documents arising in connection with the Financing Transactions as the Authorized Signatories may deem necessary, desirable, or appropriate to facilitate the Financing Transactions, in each case including any amendment, amendment and restatement, supplements, or other modifications to the foregoing (collectively, the "***Financing Documents***"); (b) Financing Documents containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary, desirable, or appropriate by the Authorized Signatories are hereby approved; and (c) the actions of any Authorized Signatory taken pursuant to this resolution, including the execution, acknowledgement, delivery, and verification of all such Financing Documents, shall be conclusive evidence of such Authorized Signatory's approval and the necessity, desirability, or appropriateness thereof.

**RESOLVED FURTHER,** that the Authorized Signatories shall be, and each of them individually hereby is, authorized, directed, and empowered, in the name and on behalf of the each LC Entity, as a debtor and debtor in possession, to obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(b) of the Bankruptcy Code (the "***Cash Collateral***"), which is security for the prepetition secured lender under the LC Entities' Credit Agreement dated as of August 3, 2018 (the "***Prepetition Credit Agreement***").

**RESOLVED FURTHER,** that, in order to use and obtain the benefits of the Cash Collateral and in accordance with section 363 of the Bankruptcy Code, the LC Entities will provide certain adequate protection on terms consistent with market practices for chapter 11 cases and circumstances similar to those of the LC Entities (the "***Adequate Protection Obligations***"), as documented in a proposed interim DIP order (substantially in the form provided to or discussed with the Boards), with such changes, additions and modifications thereto as an Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by an Authorized Signatory's execution and delivery thereof.

**RESOLVED FURTHER**, that each LC Entity, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions (including delivery of any agreements, certificates, instruments, guaranties, notices and any and all other documents) on substantially the same terms as contemplated under the Financing Documents.

4

**BIDDING PROCEDURES MOTION AND MARKETING PROCESS**

**RESOLVED FURTHER,** that in the judgment of the Boards, it is desirable and in the best interest of the LC Entities, their creditors, their stockholders and other interested parties, that each LC Entity shall be, and hereby is, authorized to file with the Bankruptcy Court a motion seeking approval of, among other things, (a) a sale of all or substantially all of the Company's assets (the "*Sale Transaction*") pursuant to a stalking horse asset purchase agreement with a special purpose entity affiliated with the DIP Lender that will be finalized, approved by the Board of the Company and filed with the Bankruptcy Court following the commencement of the Chapter 11 Case (the "*APA*") and (b) the proposed bidding procedures and timing for a Sale Transaction as set forth in the schedule of milestones agreed to by the DIP Lender and the Company, in substantially the form provided to or discussed with the Boards, which will be incorporated in the Financing Documents as a critical consideration for the DIP Lender's agreement to provide the DIP Financing through the hearing to approve a Sale Transaction (the "*Bidding Procedures Motion*").

**RESOLVED FURTHER**, that in the judgment of the Boards, it is desirable and in the best interest of the LC Entities, their creditors, their stockholders and other interested parties, that each LC Entity shall be, and hereby is, authorized to engage in a marketing process to resolicit parties for their interest in the Company's assets, to ensure the APA provides the highest or otherwise best offer for the Company's assets (the "*Marketing Process*").

**RESOLVED FURTHER**, that the Authorized Signatories shall be, and each of them individually hereby is, authorized, directed, and empowered, in the name and on behalf of the respective LC Entity, as a debtor and debtor in possession, to file the Bidding Procedures Motion, on behalf of the respective LC Entity, and to pursue the Marketing Process, and to take any and all actions necessary or advisable to advance the LC Entities' rights and obligations thereunder, including filing of additional pleadings; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions.

**GENERAL**

**RESOLVED FURTHER,** that, in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, the Authorized Signatories shall be, and each of them individually hereby is, authorized, directed, and empowered, in the name and on behalf of the each LC Entity, as a debtor and debtor in possession, with full power of delegation, to take or cause to be taken any and all such further actions and to execute and deliver or cause to be executed or delivered, and to amend, supplement, or otherwise modify from time to time, any and all such agreements, documents, certificates, instruments, statements, notices, undertakings, amendments, and other writings, and to incur and to pay or direct payment of all such fees and expenses, including filing fees, as in the judgment of the Authorized Signatory shall be necessary, desirable, or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions adopted herein.

**RESOLVED FURTHER,** that all acts lawfully done or actions lawfully taken by any Authorized Signatory, or at the direction of an Authorized Signatory, or by any of the Restructuring Professionals at the direction of an Authorized Signatory, in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company.

**RESOLVED FURTHER,** that any and all lawful actions done and transactions undertaken by any Authorized Signatory, or at the direction of an Authorized Signatory, for and on behalf and in the name of the respective LC Entity with respect to any transactions contemplated by the foregoing resolutions before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted, and consented to in all respects for all purposes.

**RESOLVED FURTHER,** that the Boards and any Authorized Signatory hereby are authorized and directed to certify and/or attest these resolutions, certificate of incumbency, and such other documents or instruments that the Secretary of the respective LC Entity may deem necessary or appropriate in connection with the foregoing matters; <u>provided</u>, <u>however</u>, that such certification and/or attestation shall not be required for any document, instrument, or agreement to be valid and binding on the respective LC Entity.

Fill in this information to identify the case:

Debtor name: **Loot Crate, Inc.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known):

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Something Inked /AIA Corporation<br>800 W. Winneconne Avenue<br>Neenah, WI 54956-3196 | csr@somethinginked.com<br>(615) 499-4228 | Trade Debt | | | | $4,784,203.15 |
| McKinsey & Company, Inc.<br>United States<br>P.O. Box 7247-7255<br>Philadelphia, PA 19170-7255 | Charlotte Ulrey<br><br>Charlotte_Ulrey@mckinsey.com<br>(727) 299-6031 | Professional Fees | | | | $2,353,577.00 |
| Money Chest LLC<br>8635 West Sahara Avenue<br>Suite 664<br>Las Vegas, NV 89117 | Erin Fay<br><br>efay@bayardlaw.com<br>(302) 429-4242 | Convertible Note | | | | $2,994,939.00 |
| Clear Finance Technology Corporation<br>dba Clearbanc<br>548 Market Street<br>Suite 68100<br>San Francisco, CA 94104 | Andrew D'Souza<br><br>support@clearbanc.com<br>(415) 952-9864 | Loan | Contingent<br>Disputed | | | $2,202,276.95 |
| RR Donnelley Receivables, Inc.<br>P.O. Box 932721<br>Cleveland, OH 44193 | Deborah Steiner<br><br>(800) 742-4455 | Trade Debt | | | | $1,515,683.87 |
| K&S Specialty Products<br>25526 Hardy Place<br>Stevenson Ranch, CA 91381 | kyletla@gmail.com<br>(661) 755-2250 | Trade Debt | | | | $1,427,665.84 |

Debtor **Loot Crate, Inc.**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Gold Wing Toys Products Limited  232 Des Voeux Road  Central Hong Kong | calvint@goldwinghk.com  (310) 469-1019 | Trade Debt | | | | $1,274,986.90 |
| Bio World Merchandising Inc.  2111 West Walnut Hill Lane  Irving, TX 75038 | rajm@bioworldmerch.com  mikeh@bioworldmerch.com | Convertible Note | | | | $1,477,205.00 |
| Facebook, Inc.  Attn: Accounts Receivable  15161 Collections Center Drive  Chicago, IL 60693 | ar@facebook.com  (855) 232-8440 | Trade Debt | | | | $1,036,305.80 |
| Just Funky, LLC  4160 Highlander Parkway  Suite 100  Richfield, OH 44286 | (234) 249-0145 | Trade Debt | Disputed | | | $809,500.00 |
| Global One Accessories LLC  7 Shaker Hollow Road  East Setauket, NY 11733 | Brandon Michaels    brandon.michaels@whluda.com  (917) 242-5260 | Trade Debt | Disputed | | | $696,590.75 |
| Bensussen Deutsch & Associates  P.O. Box 31001-2214  Pasadena, CA 91110-2214 | Patricia    patriciaA@bdainc.com  (562) 215-7395 | Trade Debt | | | | $649,612.91 |
| Trend Setters, Ltd.  22500 State Route 9  Tremont, IL 61568 | sam@trendsettersltd.com  (309) 929-7012 | Trade Debt | | | | $588,066.35 |
| JPL Associates, Inc.  dba Promotional Concepts Team  4179 SW 64th Avenue  Suite 201  Fort Lauderdale, FL 33314 | john@pconceptsteam.com  (954) 929-6024 Ext. 304 | Trade Debt | | | | $577,424.50 |

Debtor **Loot Crate, Inc.**　　　Case number *(if known)*
　　　Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Jack Nadel, Inc.<br>8701 Bellanca Avenue<br>Los Angeles, CA 90045 | Pauline Metzler<br><br>pauline.metzler@nadel.com<br>(310) 815-5424 | Trade Debt | | | | $574,999.80 |
| Geoff Arens<br>c/o Dendera Advisory<br>747 Third Avenue<br>26th Floor<br>New York, NY 10017 | Geoff Arens<br><br>arens@denderaadvisory.com<br>(212) 520-7875 | Convertible Note | | | | $560,597.56 |
| Greenberg Traurig LLP<br>1900 University Avenue<br>Suite 500<br>Palo Alto, CA 94303 | Paul A. McLean<br><br>mcleand@gtlaw.com<br>(650) 289-7848 | Professional Fees | | | | $509,465.36 |
| MLB Advanced Media, LP<br>75 Ninth Avenue<br>New York, NY 10011 | Jennifer R. Simms<br><br>jennifer.simms@mlb.com<br>(212) 931-7900 | Trade Debt | | | | $500,000.00 |
| Marvel Brands LLC<br>500 South Buena Vista Street<br>Burbank, CA 91521-9600 | mescoto@marvel.com | Trade Debt | | | | $468,650.97 |
| Brian Laibow | Brian Laibow<br><br>blaibow@gmail.com | Convertible Note | | | | $369,301.00 |
| Pacific Capital Management | Jonathan Glaser<br><br>jon@jmgcapital.com | Convertible Note | | | | $369,301.00 |
| Protiviti, Inc.<br>12269 Collections Center Drive<br>Chicago, IL 60693 | probill@protiviti.com<br>(213) 327-1400 | Professional Fees | | | | $366,530.20 |
| Zak Designs, Inc.<br>P.O. Box 19188<br>Spokane, WA 99219-9188 | mcgavran@zak.com<br>(509) 244-0555 | Trade Debt | | | | $357,521.60 |

Debtor **Loot Crate, Inc.**　　　　　　　　　　　　　　　　　　　　　Case number *(if known)*
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Shanon Hsu<br>c/o Dendera Advisory<br>747 Third Avenue<br>26th Floor<br>New York, NY | Shannon Hsu<br><br>hsu@denderaadvisory.com<br>(212) 520-7875 | Convertible Notes | | | | $353,811.50 |
| Design International Group, Inc.<br>c/o DCN Holdings, Inc.<br>1806 33rd Street<br>Suite 180<br>Orlando, FL 32839 | Michael Yeh<br><br>michael.yeh@luckygroup.biz<br>(626) 369-2289 | Trade Debt | | | | $326,084.55 |
| Sidebench Studio, LLC<br>10317 Washington Boulevard<br>Culver City, CA 90232 | arthur@sidebench.com<br>(310) 893-3589 | Trade Debt | Disputed | | | $317,951.30 |
| Six Star (Hong Kong) Ltd.<br>dba Lucky Group<br>94 Granville Road<br>Tsim Sha Tsui East<br>Sutie 508<br>Intercontinental Plaza<br>Kowloon, Hong Kong | Jennifer Carey<br><br>jennifer.carey@accountsreceivable.com<br>(321) 710-4892 | Trade Debt | Disputed | | | $310,405.32 |
| Federal Express<br>P.O. Box 7221<br>Pasadena, CA 91109-7321 | Robin Wilson<br><br>robin.wilson@fedex.com<br>(818) 731-7470 | Trade Debt | | | | $305,591.95 |
| Landsberg Orora<br>1900 W. University Drive<br>Suite101<br>Tempe, AZ 85281 | Pete Aude<br><br>pete.aude@landsberg.com<br>(323) 832-2000 | Trade Debt | Disputed | | | $301,827.76 |
| Vantiv, LLC<br>8500 Governors Hill Drive<br>Symmes Township, OH 45249-1384 | Chris Kemper<br><br>chris.kemper@worldpay.com<br>(513) 788-1677 | Trade Debt | Contingent<br>Disputed | | | Unknown |

**Fill in this information to identify the case:**

Debtor name: **Loot Crate, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 11, 2019**     X **/s/ Stuart Kaufman**
Signature of individual signing on behalf of debtor

**Stuart Kaufman**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor