# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 19-11791 (BLS) |
| LOOT CRATE, INC., *et al.*,[1] | ) |  |
|  | ) | (Joint Administration Requested) |
| Debtors. | ) |  |
|  | ) | **Related Docket No. 12** |

## INTERIM ORDER
## (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, (B) DEEMING UTILITIES ADEQUATELY ASSURED OF PAYMENT, (C) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT, AND (D) GRANTING RELATED RELIEF [D.I. 12]

Upon the Motion (the "***Motion***")[2] of the above-debtors and debtors in possession (collectively, the "***Debtors***") for entry of this Order, pursuant to Sections 105(a) and 366 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1, seeking an interim order (a) determining that the Proposed Adequate Assurance provides the Utility Providers with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, (b) prohibiting the Utility Providers from altering, refusing, or discontinuing services, (c) approving the Adequate Assurance Procedures, and (d) granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C.

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Loot Crate, Inc. (7119); Loot Crate Holdings, Inc.; LC Funding, Inc.; Loot Crate Parent, Inc. The Debtors' noticing address in these chapter 11 cases is 3401 Pasadena Avenue, Los Angeles, CA 90031.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

§ 157(b)(2)(A); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon the record of any hearing held to consider the relief requested in the Motion; and upon the First Day Declaration and all proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the relief as requested in the Motion is necessary and appropriate to prevent immediate and irreparable harm to the Debtors' business operations and will serve to protect and preserve the Debtors' estates for the benefit of all stakeholders and, thus, cause exists to permit such payments to be made immediately notwithstanding Bankruptcy Rule 6003; and there being good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent applicable; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation, and sufficient cause appearing therefore,

**IT IS ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are directed to pay on a timely basis, in accordance with their pre-petition practices, all undisputed invoices in respect of post-petition Utility Services.

3. All Utility Providers are prohibited from altering, refusing, or discontinuing service to, or discriminating against, the Debtors as a result of the Debtor's bankruptcy filing or any outstanding prepetition invoices, or requiring payment of a deposit or receipt or any other security for continued service postpetition, other than in accordance with the Adequate Assurance Procedures.

4. The following Adequate Assurance Procedures are approved in all respects:

    a. The Debtors will serve a copy of this Motion and the order granting the relief requested herein to each Utility Provider within forty-eight hours after entry of the Order by the Court.

    b. The Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $15,000, in the Adequate Assurance Account within twenty business days after entry of the order granting this Motion; provided that to the extent any Utility Provider receives any value from the Debtors as adequate assurance of payment, the Debtors may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account by such amount.

    c. Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Adequate Assurance Deposit" on the Utility Service List.

    d. If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to: (i) proposed counsel for the Debtors, at Bryan Cave Leighton Paisner LLP, One Atlantic Center, Fourteenth Floor, 1201 W. Peachtree Street, NW, Atlanta, Georgia 30309 3471 (Attn: Leah Fiorenza McNeill), email: leah.fiorenza@bclplaw.com, **and to** Robinson & Cole LLP 1000 N. West Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Jamie L. Edmonson), email jedmonson@rc.com **and to** (ii) counsel to Money Chest, LLC ("***Money Chest***") as lender under the Debtors' proposed post-petition secured credit facility, at Cooley LLP, 55 Hudson Yards, New York, New York 10001 2157 (Attn: Cathy Herschcopf), email: chershcopf@cooley.com (collectively, the "***Notice Parties***").

    e. The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court; provided that in no event shall a Utility Provider be permitted to receive aggregate disbursements in excess of the total amount set forth for such Utility Provider under the column labeled "Adequate Assurance Deposit" on the Utility Service List.

    f. Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "***Additional Assurance Request***") on the Notice Parties.

    g. Any Additional Assurance Request must (i) be in writing, (ii) identify the location and account number(s) for which the Utility Services are provided, (iii) summarize the Debtors' payment history relevant to the affected account(s), including any security deposits, (iv) certify the

        amount that is equal to two weeks of the Utility Services the Utility Provider provides to the Debtors, calculated as a historical average over the last twelve months, (v) certify that the Utility Provider does not already hold a deposit equal to or greater than two weeks of Utility Services, (vi) certify that the Utility Provider is not currently paid in advance for the Utility Services, and (vii) explain why the Utility Provider believes the Adequate Assurance Deposit is insufficient adequate assurance of payment.

h.    Any Additional Assurance Request must be made and actually received by all the Notice Parties by no later than twenty days after entry of the Order. If a Utility Provider fails to timely file an Additional Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with Section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

i.    Upon the Debtors' receipt of any Additional Assurance Request, the Debtors shall have the greater of (i) twenty days from the receipt of such Additional Assurance Request and (ii) thirty days from entry of the Order (the "***Resolution Period***") to negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request; provided that the Debtors and the applicable Utility Provider may extend the Resolution Period by mutual agreement.

j.    The Debtors may, in consultation with counsel to the proposed post-petition secured credit facility, and without further order from this Court, resolve any Additional Assurance Request by mutual agreement with a Utility Provider and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, or other forms of security if the Debtors, in consultation with counsel to the proposed post-petition secured credit facility, believe such additional assurance is reasonable.

k.    If the Debtors, in consultation with counsel to the proposed post-petition secured credit facility, determine that the Additional Assurance Request is unreasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of the Proposed Adequate Assurance as an assurance of payment with respect to the applicable Utility Provider (a "***Determination Hearing***") pursuant to Section 366(c)(3) of the Bankruptcy Code.

l.    Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited

from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

5. Nothing in this Order precludes the Debtors from disputing the status of any Utility Provider, terminating services and seeking any lawful refund, or operates as an assumption of any contract.

6. A Utility Provider shall be deemed to have received adequate assurance of payment satisfactory to such Utility Provider in compliance with section 366 of the Bankruptcy Code unless and until, subject to the limitations of this Order, (a) the Debtors agree to (i) an Additional Assurance Request or (ii) an alternative adequate assurance payment with the Utility Provider during the Resolution Period; or (b) this Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

7. The Debtors' Proposed Adequate Assurance is hereby approved and is deemed adequate assurance of payment as such term is used in section 366 of the Bankruptcy Code.

8. Any payments pursuant to this Interim Order shall be made only to the extent allowed by any orders authorizing the Debtors to incur post-petition financing or use cash collateral, including any budget approved by such orders.

9. With respect to the relief sought herein, the requirements set forth in Bankruptcy Rule 6003 are satisfied. In addition, nnotwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry and the requirements of Bankruptcy Rule 6004(h) are hereby waived.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

11. The Debtors are directed, within forty-eight hours of the entry of this Interim Order, to serve a copy hereof upon all the parties that were served with the Motion, along with any parties that have filed notices of appearance in these cases since the filing of the Motion, the foregoing constituting all parties required to be served pursuant to Local Rule 9013-1(m)(iii).

12. This Court shall retain exclusive jurisdiction with respect to any and all matters, claims, rights, or disputes arising from or related to the implementation or interpretation of this Interim Order.

13. A hearing to consider entry of a final order on the Motion is scheduled for Sept 3, 2019, at 1:00 pm. (prevailing Eastern Time) before the Honorable Brendan Linehan Shannon, United States Bankruptcy Judge, Courtroom 1, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, Delaware 19801. Objections to final relief on the Motion shall be in writing and filed with the Clerk of the Court no later than Aug. 26, 2019, at 4:00 p.m. (prevailing Eastern Time), with copies served upon: **(i)** proposed counsel to the Debtors, (a) Robinson & Cole LLP, 1000 N. West Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Jamie L. Edmonson, email: jedmonson@rc.com), and (b) Bryan Cave Leighton Paisner LLP, 1201 W. Peachtree Street, NW, 14th Floor, Atlanta, Georgia 30309-3471 (Attn: Mark Duedall, email: mark.duedall@bclplaw.com and Andrew J. Schoulder, email: andrew.schoulder@bclplaw.com), **(ii)** counsel for the DIP Lender, (a) Cooley LLP, 1114 Avenue of the Americas, New York, NY 10036 (Attn: Cathy Hershcopf, email: chershcopf@cooley.com), and (b) Bayard P.A., 600 North King Street, Ste. 400, Wilmington, DE 19801 (Attn Erin R. Fay email: efay@bayardlaw.com; **(iii)** counsel to any statutory committee appointed in these Cases; and **(iv)** the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35,

Wilmington, DE 19801 (Attn: Ben Hackman, email: benjamin.a.hackman@usdoj.gov). If no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without further notice or hearing.

Dated – August 13, 2019            *[signature]*

Wilmington, DE 19801 (Attn: Ben Hackman, email: benjamin.a.hackman@usdoj.gov). If no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without further notice or hearing.

Dated – August 13, 2019            *[signature]*