**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 19-11791 (BLS) |
| LOOT CRATE, INC., *et al.*,[1] | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |

**CERTAIN GLOBAL NOTES, STATEMENTS OF
LIMITATIONS, AND DISCLAIMERS REGARDING
THE DEBTORS' SCHEDULES OF ASSETS AND
LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Loot Crate, Inc., Loot Crate Holdings, Inc., LC Funding, Inc., and Loot Crate Parent, Inc. (collectively, the "***Debtors***"), as debtors and debtors-in-possession (collectively, the "***Debtors***") submitted on September 10, 2019, their consolidated Schedule of Assets and Liabilities (the "***Schedules***") and Statement of Financial Affairs (the "***SOFAs***") in the Debtors' Chapter 11 cases (collectively, the "***Cases***") pursuant to Section 521 of Title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

The Schedules and SOFAs have been signed by Stuart Kaufman, Chief Restructuring Officer of the Debtors. Mr. Kaufman has not (nor could have) personally verified the accuracy of each such statement and representation, statements and representations concerning amounts owed to creditors, classification of such amounts, and the addresses of all creditors or other notice parties. In reviewing and signing the Schedules and SOFAs, Mr. Kaufman necessarily relied upon various personnel of the Debtors and the Debtors' professional advisors and their efforts, statements, and representations in connection therewith. Although management has made reasonable efforts to ensure that the Schedules and SOFAs are accurate and complete based upon information that was available to them at the time of preparation, subsequent information or discovery thereof may result in changes to the Schedules and SOFAs, and inadvertent errors, inaccuracies, or omissions may exist.

These Global Notes, Statements of Limitation, and Disclaimers Regarding the Debtors' Schedules and SOFAs (the "***Global Notes***") comprise an integral part of the Schedules and SOFAs filed by the Debtors, and should be referenced in connection with any review of the Schedules and SOFAs. The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or SOFAs. Disclosure of information in one schedule, SOFA, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit, or continuation sheet.

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Loot Crate, Inc. (7119); Loot Crate Holdings, Inc.; LC Funding, Inc.; and Loot Crate Parent, Inc. The Debtors' noticing address in these Chapter 11 cases is 3401 Pasadena Avenue, Los Angeles, CA 90031.

The Schedules, SOFAs, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.

The Schedules and SOFAs do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("*GAAP*").

**Global Notes and Overview of Methodology**

1. **Description of the Cases and "As Of" Information Date.** On August 11, 2019 and August 12, 2019, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (for each Debtor, the "*Petition Date*"). The Debtors' Cases are jointly administered for procedural purposes only pursuant to an order entered by the Bankruptcy Court on August 14, 2019 [D.I. 38]. The Debtors continue to operate their business as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. Except as otherwise noted herein, the asset and liability information provided herein represents data as of the close of business on August 11, 2019, or in some instances, as of the Debtors' month end of July 31, 2019.

2. **Reservation of Rights.** The Debtors reserve the right to amend their Schedules and SOFAs as necessary and appropriate. Because the Schedules and SOFAs contain unaudited information, which remains subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and SOFAs are complete. The Debtors reserve all rights to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and SOFAs as to amount, liability, or classification, or to otherwise subsequently designate any claim (the "*Claim*") as "disputed, "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules or SOFAs shall constitute an admission of any claims or a waiver of any of the Debtors' rights with respect to these Cases, including issues involving substantive consolidation, recharacterization, equitable subordination, and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

3. **Net Book Value of Assets.** Unless otherwise indicated, the assets and liabilities are shown on the basis of their net book values as of July 31, 2019. Thus, unless otherwise noted, the Schedules and SOFAs reflect the carrying value of the assets and liabilities as recorded on the Debtors' books. Net book values may vary, sometimes materially, from market values. The Debtors do not intend to amend these Schedules and SOFAs to reflect market values.

4. **Currency.** All amounts are reflected in U.S. dollars.

5. **Causes of Action.** Despite their reasonable efforts, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and SOFAs, including, without limitation, avoidance actions arising under Chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to

recover assets. Neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any such claims, causes of action, or avoidance actions.

6. **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets and liabilities from the Schedules and SOFAs, including goodwill. The Debtors have also excluded any potential Claims arising on account of the potential rejection of executory contracts and unexpired leases, as currently no such Claims exist.

7. **Recharacterization.** The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and SOFAs at a later time if the law and the facts require.

8. **Executory Contracts and Unexpired Leases.** The Debtors have not set forth executory contracts or unexpired leases as assets in the Schedules and SOFAs. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. In addition, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

9. **Summary of Significant Reporting Policies.** The following is a summary of significant reporting policies:

a. <u>Totals.</u> All totals in the Schedules and SOFAs represent the liquidated amounts for the individual Schedule and/or SOFA entry for which they are listed. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. In addition, the amounts shown for total liabilities exclude any items identified as "unknown," "undetermined," "disputed," "contingent," or "unliquidated," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and SOFAs. To the extent a Debtor is a guarantor of debt held by another debtor, the amounts reflected in the Schedules are inclusive of each Debtor's guarantor obligations.

b. <u>Undetermined Amounts.</u> Claim amounts that could not readily be quantified by the Debtors are scheduled as "unknown," "TBD," or "undetermined." The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

c. <u>Unliquidated Amounts.</u> Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated".

d. <u>Paid Claims.</u> The Bankruptcy court authorized the Debtors to pay certain outstanding prepetition Claims—including payments to employees, customers, and certain vendors—pursuant to various "first day" orders entered in the Bankruptcy Court. Accordingly, certain outstanding liabilities may have been reduced by post-petition payments made on account of prepetition liabilities. Where the Schedules list creditors and set forth the Debtors' scheduled amount of such Claims, such scheduled amounts reflect amounts owed as of the dates set forth above.

10. **Intellectual Property.** Exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

11. **Insiders.** Except as may be otherwise indicated in the SOFAs or the Schedules, the Debtors have included payments made during the one-year period preceding the Petition Date to persons deemed an "insider," as that term is defined in Section 101(31) of the Bankruptcy Code. The Debtors do not take any position with respect to (a) any such person's influence over the control of the Debtors, (b) the management responsibilities or functions of any such person, (c) the decision-making or corporate authority of any such person, or (d) whether any such person could successfully argue that he or she is not an "insider" under applicable law.

12. **Confidentiality.** Pursuant to the Interim Order (I) Authorizing the Debtors to (A) Maintain a Consolidated Creditor Matrix and (B) File a Consolidated List of 30 Largest Unsecured Creditors, (C) Approving a Consolidated Local Rule 2002(b) Service List, (D) Authorizing the Filing of Customer Names and Addresses Under Seal, and Maintaining Such Seal for Schedules and Claims, and (II) Approving of the Form and Manner of Notice of the Commencement of these Cases (the "*Seal Order*"), the Debtors have not listed in the Schedules and SOFAs the Debtors' customer list or names and address of consumer claimants and potential consumer claimants.

**Specific Notes with Respect to the Debtors' Schedules of Assets and Liabilities**

1. **Schedule A/B – Real and Personal Property.** Except otherwise noted herein, the asset and liability information provided in Schedule A/B represents data as of the close of business on July 31, 2019.

   a. **Schedule A/B.3.** Lists bank account balances for the JP Morgan Chase bank accounts and the First Republic Bank account as of August 11, 2019. The values of the remaining accounts are as of July 31, 2019.

   b. **Schedule A/B.11.** Lists accounts receivable as of August 11, 2019. Additionally, it would be unduly burdensome and impractical to list accounts receivable itemized on a payee by payee basis. As such, the accounts receivable are presented in the aggregate and identified as accounts receivable that are aged 90 days or less, and accounts receivable aged greater than 90 days.

2. **Schedule D – Creditors Who Have Claims Secured by Property.** Although the Debtors may have scheduled claims of various creditors as secured claims on Schedule D, except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the secured nature or the validity of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary. Without limiting the foregoing, the inclusion on Schedule D of creditors that have asserted liens of any nature is not intended to be

an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their rights to challenge such liens and the underlying claims on any ground whatsoever, except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court.  Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the Schedules and SOFAs shall be deemed a modification or interpretation of the terms of any such agreements.  Finally, except as specifically stated herein, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.

       3.     **Schedule E/F – Creditors Who Have Unsecured Claims.**  Certain of the claims owing to various taxing authorities to which any Debtor may be liable may be subject to ongoing audits.  The Debtors reserve the right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule E/F does not constitute an admission that such claim is entitled to priority treatment pursuant to Section 507 of the Bankruptcy Code.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to any Debtor.  Pursuant to the Final Order Granting Motion of the Debtors for Authorization to Pay Pre-Petition Wages, Payroll, Taxes, Certain Employee Benefits, and Related Expenses to Employees [D.I. 112] (the "*Wage Order*"), the Bankruptcy Court granted the Debtors authority to pay or honor certain pre-petition obligations for wages, salaries, and other compensation, and employee medical and similar benefits.  As noted above, the amount listed in Schedule E/F includes employee claims as of August 11, 2019 that have likely been or will be satisfied pursuant to the Wage Order.  Finally, as noted above, pursuant to the Seal Order, the Debtors have not listed in the Schedules and SOFAs the Debtors' customer list or names and address of consumer claimants and potential consumer claimants.  The customers' total claims are as of July 31, 2019 and may have decreased pursuant to post-petition fulfillment of orders pursuant to order of the Bankruptcy Court.

       4.     **Schedule G – Executory Contracts and Unexpired Leases.**  The Debtors' business is complex.  While commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding the Debtors' executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusions may have occurred.  Listing a contract, lease, or agreement on Schedule G does not constitute an admission that such contract, lease, or agreement is an executory contract or unexpired lease or that such contract, lease, or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors reserve all of their rights to dispute the validity, effectiveness, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G (including, but not limited to, whether any lease is a true lease or financing arrangement) and to amend or supplement Schedule G as necessary.  The Debtors reserve all of their rights with respect to such agreements.

**<u>Specific Notes with Respect to the Debtors' SOFAs</u>**

       1.     **Response to Question 1, Gross Revenue from Business.**  The information provided herein represents data as of the close of business on July 31, 2019.

2. **Response to Question 2, Non-Business Revenue.** The information provided herein represents data as of the close of business on July 31, 2019.

3. **Response to Question 20, Off Premise Storage.** The Debtors do not themselves have off premise storage facilities, such as additional warehouses or Iron Mountain. That said, the Debtors do enlist a number of vendors that store merchandise and product prior to filling and shipping crates. The Debtors did not list the various vendors that provide these services in response to this question.

4. **Response to Question 26.d, Books, Records, and Financial Statements.** The Debtors did not list those potential buyers with whom the Debtors have existing confidentiality agreements that restrict the Debtors' ability to disclose the names of those parties.

Dated: September 12, 2019
Wilmington, Delaware

**ROBINSON & COLE LLP**

*/s/ Jamie L. Edmonson*
Natalie D. Ramsey (No. 5378)
Jamie L. Edmonson (No. 4247)
Mark A. Fink (No. 3946)
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 295-4800
Facsimile: (302) 351-8618
Email: nramsey@rc.com
jedmonson@rc.com
mfink@rc.com

*Co-Counsel to the Debtors and Debtors-in-Possession*

**BRYAN CAVE LEIGHTON PAISNER LLP**
Mark I. Duedall (No. 3346)
Leah Fiorenza McNeill *(Admitted pro hac vice)*
Khaled Tarazi *(Admitted pro hac vice)*
1201 W. Peachtree Street, NW, 14th Floor
Atlanta, Georgia 30309-3471
Telephone: (404) 572-6600
Facsimile: (404) 572-6999
Email: mark.duedall@bclplaw.com
leah.fiorenza@bclplaw.com
khaled.tarazi@bclplaw.com

**BRYAN CAVE LEIGHTON PAISNER LLP**
Andrew J. Schoulder *(Admitted pro hac vice)*
1290 Avenue of the Americas
New York, New York 10104-3300
Telephone: (212) 541-2000
Facsimile: (212) 541-4630
Email: andrew.schoulder@bclplaw.com

*Proposed co-counsel to the Debtors and Debtors-in-Possession*