IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 19-11791 (BLS) |
| OLD LC INC., *et al.*,[1] | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |

**SECOND SUPPLEMENTAL DECLARATION OF MARK I. DUEDALL IN SUPPORT
OF APPLICATION FOR ORDER AUTHORIZING THE RETENTION OF
BRYAN CAVE LEIGHTON PAISNER LLP AS BANKRUPTCY COUNSEL
TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Mark I. Duedall, hereby declare, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct, to the best of my knowledge and belief, after due inquiry described herein.

1.   I am a partner with Bryan Cave Leighton Paisner LLP ("***Bryan Cave***"),[2] an international law firm with approximately 1,600 lawyers in thirty-six offices domestically and abroad, including an office in Atlanta located at One Atlantic Center, Fourteenth Floor, 1201 W. Peachtree Street, NW, Atlanta, GA 30309-3471. I am an attorney, duly admitted and in good standing to practice in the States of Georgia and Delaware, and in the United States District

---

[1]   The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc.  The Debtors' noticing address in these Chapter 11 cases is 3401 Pasadena Avenue, Los Angeles, CA 90031.  The Debtors were formerly named Loot Crate, Inc., Loot Crate Holdings, Inc., LC Funding, Inc., and Loot Crate Parent, Inc.  Following the closing of the sale of substantially all of the Debtors' assets, the Debtors filed the necessary documentation in the applicable jurisdictions to change their corporate names and filed the *Notice of Changes of Debtors' Names and Case Caption* [D.I. 265] with the Court, all in accordance with the terms of the sale and the order approving the same [D.I. 254].

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

601233576

Courts for the Northern District of Georgia and of the District of Delaware. I submit this supplemental declaration in support of the Application.

2. Worldpay, LLC, fka Vantiv, LLC ("**Worldpay**") is a creditor of, and a debtor of, the Debtors' estates pursuant to a Bank Card Merchant Agreement entered into between the parties on July 28, 2017. In the ordinary course of the Debtors' business, pre-petition and post-petition, Worldpay was one of the Debtors' credit card transaction processors.

3. During our pre-petition conflict check process, BCLP submitted "Worldpay, LLC, fka Vantiv, LLC" through its electronic client database, as one of several hundred names for conflict searching purposes. The search was conducted such that it would discover client "hits" for either Vantiv, LLC (with which the Debtors had a contract), or Worldpay, LLC (with which the Debtors did not have a contract). I personally had seen in various pre-petition correspondence that Vantiv was referring to itself as Worldpay from time to time, and so prudence dictated that BCLP run our conflicts search on both names.

4. The firm's conflict search team researched these names and determined that BCLP did not represent Vantiv, or Worldpay.

5. On or about July 30, 2019, Fidelity National Information Services, Inc. commonly referred to as "FIS," purchased Worldpay. This transaction was closed, apparently, just after our internal searches were completed.

6. FIS was and is an active client of BCLP.

7. The transaction whereby FIS acquired WorldPay was unknown to BCLP at the time, and was unknown until the below events occurred. BCLP did not represent FIS in this transaction, and so neither I nor any of my BCLP colleagues would have any reason to know that WorldPay had been acquired by FIS, at any time since the completion of our conflicts checks.

8. Throughout these cases, BCLP had contact with Worldpay and its Delaware counsel, Ms. Jennifer Hoover of The Benesch Firm. No one with Worldpay nor Ms. Hoover ever noted the change in ownership to me or anyone else at BCLP. (Indeed, it appeared they were as shocked as me when they learned that BCLP also did work for Worldpay's new parent, FIS.). If they had indicated such to me, I would have immediately added FIS as an affiliate party in our conflicts system, and would have run FIS through our conflicts system.

9. On October 16, 2019, the Debtors filed the adversary proceeding styled *Old LC, Inc. (f/k/a Loot Crate, Inc.) v. WorldPay, LLC (f/k/a Vantiv, LLC)*, Adv. Proc. No. 19-50419 (the "***Worldpay Adversary Proceeding***").

10. The next day, in-house counsel at FIS contacted BCLP and noted its ownership of Worldpay, that BCLP's adversity to Worldpay was a conflict, and that it would not waive the conflict.

11. BCLP never wishes to be between two existing client relationships. Accordingly, I immediately notified the Debtors and our Delaware co-counsel, Ms. Jamie Edmonson of the Robinson & Cole firm, to indicate that BCLP would not be able to be adverse to Worldpay in the Worldpay Adversary Proceeding. I also notified Ms. Hoover, to indicate that she should deal exclusively with Ms. Edmonson. BCLP will file a notice of withdrawal as counsel in the Worldpay Adversary Proceeding, such that Robinson & Cole will be handling that matter, as well as any matters in the main bankruptcy case that create an adversity to Worldpay.

Executed on the 31st day of October 2019.

                                            **BRYAN CAVE LEIGHTON PAISNER LLP**

                                            */s/ Mark I. Duedall*
Mark I. Duedall (No. 3346)
One Atlantic Center – Fourteenth Floor
1201 W. Peachtree Street, NW
Atlanta, Georgia 30309-3471
Telephone: (404) 572-6600
Facsimile: (404) 572-6999
Email: mark.duedall@bclplaw.com

*Co-counsel for the Debtors and Debtors in Possession*

601233576