**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 19-11791 (BLS) |
| OLD LC, INC., *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: Dec. 30, 2019 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: Jan. 8, 2020 at 11:00 (ET)** |

**MOTION FOR ORDER PURSUANT TO 11 U.S.C. § 1121(d) FOR
EXTENSION OF EXCLUSIVE PERIODS TO FILE DISCLOSURE
STATEMENT AND PLAN AND OBTAIN ACCEPTANCE OF A PLAN**

Old LC, Inc., Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. (collectively, the "***Debtors***")[2] file this Motion (the "***Motion***") for an order, substantially in the form attached hereto as Exhibit A, pursuant to Section 1121(d) of Title 11 of the United States Code (the "***Bankruptcy Code***") extending the exclusive periods, by ninety days, for the Debtors to file a disclosure statement and plan and obtain acceptance of a plan. In support of this Motion, the Debtors respectfully represent as follows:

**Background**

1.  On August 11, 2019 for Old LC, Inc., Old LC Holdings, Inc., and Old LCF, Inc., and on August 12, 2019 for Old LC Parent, Inc. (for each Debtor, the "***Petition Date***"), the

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. The Debtors' noticing address in these Chapter 11 cases is 3401 Pasadena Avenue, Los Angeles, CA 90031.

[2] The Debtors were formerly named Loot Crate, Inc., Loot Crate Holdings, Inc., LC Funding, Inc., and Loot Crate Parent, Inc. Following the closing of the sale of substantially all of the Debtors' assets, the Debtors filed the necessary documentation in the applicable jurisdictions to change their corporate names and filed the *Notice of Changes of Debtors' Names and Case Caption* [D.I. 265] with the Court, all in accordance with the terms of the sale and the order approving the same [D.I. 254].

Debtors filed voluntary petitions with this Court under Chapter 11 of Title 11 of the Bankruptcy Code. The Debtors' Chapter 11 cases (collectively, the "*Cases*") are consolidated for procedural purposes only and administered jointly. The Debtors are authorized to continue to operate and manage their businesses and assets as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. As of the Petition Date, the Debtors operated a subscription box service catering to fandom and enthusiasts through "crates" curated with "geek and gamer products" each month. On October 1, 2019, the Debtors closed on a sale of substantially all of their assets to Loot Crate Acquisition LLC ("*LCA*") pursuant to the Court's order approving the sale.

3. Further information about the Debtors and these Cases and pertinent facts in support of this Motion can be found in the *Declaration of Stuart Kaufman in Support of First Day Motions and Related Relief* (the "*First Day Declaration*") [D.I. 4], which is incorporated by reference.

4. On August 22, 2019, an official committee of unsecured creditors was appointed in these Cases (the "*Creditors' Committee*"). No request has been made for the appointment of an examiner or trustee.

### Jurisdiction, Venue, and Statutory Predicate

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6. Venue of these Cases is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

7.  The statutory predicate for the relief requested in this Motion is Section 1121(d) of the Bankruptcy Code.

**Relief Requested**

8.  By this Motion, the Debtors seek entry of an order pursuant to Section 1121(d) of the Bankruptcy Code extending the 120-day exclusive period during which only the Debtors may file a disclosure statement and plan[3] by ninety days through and including March 9, 2020, and the 180-day exclusive period during which only the Debtors may solicit acceptances of a plan by a corresponding ninety days through and including May 11, 2020. Currently, the Debtors' exclusive periods expire on December 9, 2019 (to file a plan) and February 7, 2020 (to solicit acceptances).

9.  Pursuant to Section 1121(d) of the Bankruptcy Code, the Court may, upon a showing of cause, increase a debtor's exclusive period for filing a plan or to obtain acceptance of a plan. 11 U.S.C. § 1121(d). While the Bankruptcy Code does not define "cause," courts have referred to the "cause" standard set forth in Bankruptcy Code Section 1121(d) as a general standard that allows the court "maximum flexibility to suit various types of reorganization proceedings." *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989) (citation and internal quotation marks omitted). The decision whether to grant a request to extend the exclusivity periods lies within the sound discretion of the court. *Id*. Courts have been guided by several factors in making a determination as to whether "cause" exists:

1.  the size and complexity of the case;

2.  the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

---

[3] Under Bankruptcy Code Section 1125(b), a disclosure statement must accompany the plan.

      3.      the existence of good faith progress toward reorganization;

      4.      the fact that the debtor is paying its bills as they become due;

      5.      whether the debtor has demonstrated reasonable prospects for filing a viable plan;

      6.      whether the debtor has made progress in negotiations with its creditors;

      7.      the amount of time which has elapsed in the case;

      8.      whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

      9.      whether an unresolved contingency exists.

*In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (citing *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996)). *See also Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.)*, 292 B.R. 639, 643-44 (B.A.P. 8th Cir. 2003) (listing a slight variation of the factors considered by the courts); *In re Central Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002)(listing similar factors).

      10.      When a court considers whether to extend the exclusivity periods, it is not limited to the task of counting factors; certain factors may be more relevant or important than others. *Dow Corning*, 208 B.R. at 669; *see also Hoffinger Indus.*, 292 B.R. at 644 (not all of the factors will be relevant in every case, and it is not simply a question of adding up the number of factors which weigh for and against an extension). Further, the court should scan the big picture and not just narrowly focus on the individual factors. *Dow Corning*, 208 B.R. at 669. *See also In re Adelphia Communications Corp.*, 352 B.R. 578, 586, 587 (Bankr. S.D.N.Y. 2006) (a decision to extend exclusivity for cause is fact-specific and the court may consider other relevant factors); *In*

*re Service Merchandise Co. Inc.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000) (courts should focus on the unusual circumstances affecting the debtor's ability to effectuate a plan).

11. Since the Petition Date, the Debtors have accomplished the following:

- Completed the sale of substantially all of their assets, repaying the Debtors' post-petition financing and reserving funds to pay what the Debtors' estimate to be all post-petition administrative claims;

- Assumed and assigned various contracts required as part of the sale, and rejected various others not required by the Debtors' buyer, or needed for the wind-down;

- Resolved various other claims, including certain tax claims that may be entitled to priority, to be paid pursuant to the Debtors' asset purchase agreement (and engaged in negotiations with other taxing authorities as to other such claims); and

- Made progress on various wind-down tasks, including transitioning assets, performing pursuant to a transition services agreement with the Debtors' buyer, and identifying potential opportunities to confirm a plan (and discussing the same with the Debtors' pre-petition lender and the Official Creditors' Committee).

12. This Motion is filed neither for delay nor with the intent to gain an unfair advantage. While it remains unclear if a plan can be confirmed in these Cases, if that is possible, then more time is needed to formulate, negotiate, and insure implementation of a reasonable and effective plan, if possible. In addition, to the extent certain litigation recoveries will form the *res* to support confirmation of a plan, the Debtors may soon engage in discovery pursuant to Bankruptcy Rule 2004. The Debtors are not seeking an extension of the exclusive periods to pressure creditors, and the Debtors are open to a consensual process that will arrive at a Chapter 11 plan. This request remains consistent with Congress' intent in establishing a debtor's right to

maintain exclusivity "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 232 (1978).

### No Prior Request

13. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

### Consent to Jurisdiction

14. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

### Notice

15. Notice of this Motion will be provided to: (a) the Office of the U.S. Trustee; (b) counsel to the Creditors' Committee; (c) counsel to the DIP Lender; (d) Wells Fargo Bank, N.A.; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the Office of the United States Attorney for the District of Delaware; (h) the Debtors' thirty largest unsecured creditors on a consolidated basis (other than those which have expressly instructed the Debtors' claims and noticing agent that they do not wish to receive notice of all motions and filings in these Cases); (i) Delaware State Treasury; (j) the Secretary of State of Delaware; (k) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002, and (l) the landlord for the Leased Location. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court grant this Motion and enter an Order substantially in the form attached hereto as <u>Exhibit A</u>, (i) extending the exclusive period for the Debtors to file a disclosure statement and plan through and including March 9, 2020; (ii) extending the exclusive period for the Debtors to obtain acceptance of a plan through and including May 11, 2020; and granting such other and further relief as the Court deems just and proper.

Dated: December 9, 2019
Wilmington, Delaware

**ROBINSON & COLE LLP**
Natalie D. Ramsey (No. 5378)
Jamie L. Edmonson (No. 4247)
Mark A. Fink (No. 3946)
1201 North Market Street
Suite 1406
Wilmington, DE  19801
Telephone: (302) 516-1700
Facsimile:  (302) 516-1699
Email: nramsey@rc.com
          jedmonson@rc.com
          mfink@rc.com

*Co-counsel to the Debtors and Debtors-in-Possession*

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Mark I. Duedall*
Mark I. Duedall (No. 3346)
Leah Fiorenza McNeill *(Admitted pro hac vice)*
Khaled Tarazi *(Admitted pro hac vice)*
1201 W. Peachtree Street, NW, 14th Floor
Atlanta, Georgia 30309-3471
Telephone: (404) 572-6600
Facsimile:  (404) 572-6999
Email: mark.duedall@bclplaw.com
          leah.fiorenza@bclplaw.com
          khaled.tarazi@bclplaw.com

**BRYAN CAVE LEIGHTON PAISNER LLP**
Andrew J. Schoulder *(Admitted pro hac vice)*
1290 Avenue of the Americas
New York, New York 10104-3300
Telephone: (212) 541-2000
Facsimile:  (212) 541-4630
Email: andrew.schoulder@bclplaw.com

*Co-counsel to the Debtors and Debtors-in-Possession*

**EXHIBIT A - Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 ) |
| OLD LC, INC., *et al.*,[1] | ) Case No. 19-11791 (BLS) ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) [**Related Docket No(s). 329**] |

**ORDER GRANTING MOTION FOR ORDER PURSUANT TO 11 U.S.C. § 1121(d)
FOR EXTENSION OF EXCLUSIVE PERIODS TO FILE DISCLOSURE
STATEMENT AND PLAN AND OBTAIN ACCEPTANCE OF A PLAN**

Upon the Motion (the "***Motion***")[2] of the above-debtors and debtors in possession (collectively, the "***Debtors***") for entry of this Order pursuant to Section 1121(d) of the Bankruptcy Code, extending the exclusive periods for the Debtors to file a disclosure statement and plan and obtain acceptance of a plan, as further described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon the record of any hearing held to consider the relief requested in the

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. The Debtors' noticing address in these Chapter 11 cases is 3401 Pasadena Avenue, Los Angeles, CA 90031.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

Motion; and upon the First Day Declaration and all proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The exclusive time period set forth in Bankruptcy Code Section 1121(b) during which only the Debtors may file a disclosure statement and plan is hereby extended through and including March 9, 2020.

3. The exclusive time period set forth in Bankruptcy Code Section 1121(c)(3) during which no other party in interest may file a plan unless the Debtors have not filed a plan that has been accepted by each class of claims or interests that are impaired under the plan is hereby extended through and including May 11, 2020.

4. The relief granted herein is without prejudice to the Debtors' ability to seek further extension of the exclusive periods set forth above, upon a proper showing of cause.

5. This Court shall retain exclusive jurisdiction with respect to any and all matters, claims, rights, or disputes arising from or related to the implementation or interpretation of this Order.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) ) ) ) ) ) ) ) | Chapter 11 |
|  |  | Case No. 19-11791 (BLS) |
| OLD LC, INC., *et al.*,[1] |  |  |
|  |  | (Jointly Administered) |
| Debtors. |  |  |
|  |  | **Objection Deadline: Dec. 30 at 4:00 p.m. (ET)** |
|  |  | **Hearing Date: Jan. 8, 2020 at 11:00 (ET)** |
|  |  | Related Docket No(s). 329 |

**NOTICE OF MOTION FOR ORDER PURSUANT
TO 11 U.S.C. § 1121(d) FOR EXTENSION OF EXCLUSIVE PERIODS
TO FILE DISCLOSURE STATEMENT AND PLAN AND OBTAIN ACCEPTANCE
OF A PLAN [D.I. 329] AND HEARING**

PLEASE TAKE NOTICE that on December 9, 2019, Old LC, Inc., Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. (collectively, the "***Debtors***")[2] filed a *Motion for Order Pursuant to 11 U.S.C. § 1121(d) for Extension of Exclusive Periods to File Disclosure Statement and Plan and Obtain Acceptance of a Plan* (the "***Motion***") [D.I. 329].

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing and filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **December 30, 2019 at 4:00 p.m. (ET),** with a copy served on the undersigned counsel for the Debtors.

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. The Debtors' noticing address in these Chapter 11 cases is 3401 Pasadena Avenue, Los Angeles, CA 90031.

[2] The Debtors were formerly named Loot Crate, Inc., Loot Crate Holdings, Inc., LC Funding, Inc., and Loot Crate Parent, Inc. Following the closing of the sale of substantially all of the Debtors' assets, the Debtors filed the necessary documentation in the applicable jurisdictions to change their corporate names and filed the *Notice of Changes of Debtors' Names and Case Caption* [D.I. 265] with the Court, all in accordance with the terms of the sale and the order approving the same [D.I. 254].

PLEASE TAKE FURTHER NOTICE that if any objections to the Motion are received, the Motion and such objections shall be considered at a hearing before The Honorable Judge Shannon, United States Bankruptcy Judge for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom 1, Wilmington, Delaware 19801 on **January 8, 2020 at 11:00 (ET)**.

**PLEASE TAKE FURTHER NOTICE THAT, IF NO OBJECTIONS TO THE MOTION ARE TIMELY FILED AND SERVED IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: December 9, 2019
Wilmington, Delaware

**ROBINSON & COLE LLP**
Natalie D. Ramsey (No. 5378)
Jamie L. Edmonson (No. 4247)
Mark A. Fink (No. 3946)
1201 North Market Street
Suite 1406
Wilmington, DE 19801
Telephone: (302) 516-1700
Facsimile:  (302) 516-1699
Email:  nramsey@rc.com
            jedmonson@rc.com
            mfink@rc.com

*Co-counsel to the Debtors and Debtors-in-Possession*

| | |
|---|---|
| **BRYAN CAVE LEIGHTON PAISNER LLP**<br><br>*/s/ Mark I. Duedall*<br>Mark I. Duedall (No. 3346)<br>Leah Fiorenza McNeill *(Admitted pro hac vice)*<br>Khaled Tarazi *(Admitted pro hac vice)*<br>1201 W. Peachtree Street, NW, 14th Floor<br>Atlanta, Georgia 30309-3471<br>Telephone: (404) 572-6600<br>Facsimile:  (404) 572-6999<br>Email: mark.duedall@bclplaw.com<br>         leah.fiorenza@bclplaw.com<br>         khaled.tarazi@bclplaw.com | **BRYAN CAVE LEIGHTON PAISNER LLP**<br>Andrew J. Schoulder (*Admitted pro hac vice*)<br>1290 Avenue of the Americas<br>New York, New York 10104-3300<br>Telephone: (212) 541-2000<br>Facsimile:  (212) 541-4630<br>Email: andrew.schoulder@bclplaw.com<br><br>*Co-counsel to the Debtors and Debtors-in-Possession* |