## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| OLD LC, INC., *et al.*,[1] | ) | Case No. 19-11791 (BLS) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) | **Related Docket No(s). 726** |

### ORDER GRANTING MOTION OF THE DEBTORS FOR AN ORDER
### (I) ESTABLISHING BAR DATES FOR (A) FILING PROOFS OF CLAIM
### AND (B) ASSERTION OF ADMINISTRATIVE EXPENSE CLAIMS, AND
### (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF [D.I. 726]

Upon the Motion (the "***Motion***")[2] of the above-debtors and debtors in possession (collectively, the "***Debtors***") for entry of this Order pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e), seeking the establishment of bar dates for filing proofs of claim, the assertion of administrative expense claims and this Court's approval of the claim forms and manner of notice thereof, as further described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances;

---

[1]    The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc.  The Debtors' noticing address in these Chapter 11 cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309.

[2]    Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

and upon the record of any hearing held to consider the relief requested in the Motion; and upon

the First Day Declaration and all proceedings had before this Court; and this Court having found

and determined that the relief sought in the Motion is in the best interests of the Debtors' estates,

their creditors, and other parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and any objections to the requested relief

having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause

appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is GRANTED as set forth herein.

2.       The forms of the Bar Date Notice, attached hereto as <u>Exhibit 1</u>; the Proof of Claim

Form, attached hereto as <u>Exhibit 2</u>; the Administrative Expense Claim Form, attached hereto as

<u>Exhibit 3</u>; the Publication Notice, attached hereto as <u>Exhibit 4</u>; and the manner of providing notice

of the Bar Dates proposed in the Motion, are approved, and satisfy the notice requirements of the

Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.  As such, the Debtors

are authorized to serve the Bar Dates Notice Package in the manner described below.

3.       The following Bar Dates are established in this case:

(a)      <u>The General Bar Date</u>. Except as otherwise set forth herein, all creditors holding claims, whether secured, priority (including Section 503(b)(9) Claims), or unsecured, against the Debtors that arose prior to the Petition Date must file proofs of claim by the General Bar Date, which is 5:00 p.m. Eastern Time on **January 5, 2021** (the "*General Bar Date*") .  Claims subject to the General Bar Date are referred to herein as "*General Claims.*" With respect to Section 503(b)(9) Claims, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of such administrative claims.

(b)      <u>The Governmental Bar Date</u>. Except as otherwise set forth herein, all governmental units holding claims against the Debtors (whether secured, priority, or unsecured) that arose before the Petition Date must file proofs of claim by 5:00 p.m. Eastern Time on **January 5, 2021** (the "*Governmental Bar Date*").  Notwithstanding anything to the contrary in

this order, pursuant to Local Rule 3002-1(a), this Bar Date Order does not require any governmental units to file any proof of claim or application for allowance for any claims covered by Section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code.

(c)     The Rejection Bar Date. Any creditor whose claims arise from the rejection of an executory contract or unexpired lease pursuant to a Court order (any such order, a "***Rejection Order***") or by operation of Section 365(d)(4) of the Bankruptcy Code, including secured claims, priority claims, and unsecured claims that arose or are deemed to have arisen prior to the Petition Date (collectively, the "***Rejection Damages Claims***"), must file a proof of claim on or before the later of: (i) the General Bar Date; or (ii) 5:00 p.m. Eastern Time 30 days after service of a Rejection Order.  The later of these dates is referred to in this Order as the "***Rejection Bar Date.***"

(d)     The Amended Schedules Bar Date.  If the Debtors amend their schedules of assets and liabilities (the "***Schedules***") to reduce the undisputed, non-contingent, and liquidated amount of a claim against the Debtors, to change the nature or classification of a claim against the Debtors, or to add a new claim to the Schedules, any affected entities that dispute such changes must file a proof of claim or amend any previously filed proof of claim with regard to the amended scheduled claim on or before the later of: (i) the General Bar Date; or (ii) 5:00 p.m. Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment to the Schedules is served on the affected creditor.  The later of these dates is referred to in this Order as the "***Amended Schedules Bar Date.***"

(e)     The Administrative Expense Bar Date. Except as otherwise set forth herein and subject to the applicable limitations set forth in Section 503(b)(1)(D) of the Bankruptcy Code: all creditors other than estate professionals holding claims of any kind that first arose during the period beginning on or after the Petition Date and ending on the date of entry of this Order (excluding fees of the Office of the United States Trustee arising under 28 U.S.C. § 1930) must file such claims by 5:00 p.m. Eastern Time on **January 5, 2021** (the "***Administrative Expense Bar Date***"), which is the same date and time as the General Bar Date.  The claims subject to the Administrative Expense Bar Date are referred to herein as "***Administrative Expense Claims.***"  The filing of an Administrative Expense Claim Form shall be deemed to satisfy the procedural requirements for the assertion of Administrative Expense Claims.

4.     Subject to the terms set forth in this Order exceptions below, the following entities must file Proof of Claim Forms or Administrative Expense Claim Forms, as applicable (or using

Official Form 410), on or before the General Bar Date (**January 5, 2021**) or the Administrative

Expense Bar Date (also **January 5, 2021**), as applicable:

(a)     any creditor: (i) whose prepetition claim against the Debtors is not listed in the Debtors' Schedules or is listed as disputed, contingent, or unliquidated; and (ii) that desires to share in any distributions in these Cases;

(b)     any creditor believing that its prepetition claim is improperly classified in the Debtors' Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount different from the classification or amount identified in the Debtors' Schedules; and

(c)     any creditor asserting an Administrative Expense Claim arising on or before the date of entry of this Order (other than governmental units with respect to any proof of claim or application for allowance for any claims covered by Section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code).

5.      **Exceptions**:  The following creditors need not file Proof of Claim Forms:

(a)     any creditor that has already filed a signed proof of claim against the Debtors in a form substantially similar to Official Bankruptcy Form No. 410 with: (i) the Clerk of the Bankruptcy Court for the District of Delaware; or (ii) the Debtors' claims and noticing agent, Bankruptcy Management Solutions, Inc. ("***Stretto***");

(b)     any creditor: (i) whose claim is not listed as disputed, contingent, or unliquidated in the Debtors' Schedules; <u>and</u> (ii) agrees with the nature, classification, and amount of its claim as identified in the Debtors' Schedules; <u>and</u> (iii) does not dispute that its claim is an obligation of the specific Debtor(s) in whose Schedules the claim is listed;

(c)     any creditor whose claim against the Debtors has previously been allowed by an order of this Court;

(d)     any holder of a claim that has been paid or otherwise satisfied in full by any of the Debtors or any other party;

(e)     any Debtor;

(f)     any officer, director, or employee of the Debtors who held such position as of the Petition Date and has a claim against the Debtors for indemnification, contribution, or reimbursement; <u>provided</u>, however, that any of the foregoing parties that wishes to assert a claim other than a claim arising from or relating to indemnification, contribution, or reimbursement will be required to file a proof of claim by the General Bar Date, unless another exception identified in this paragraph 5 applies;

(g)     any governmental unit which has an executed settlement agreement with the Debtors in respect of its claims (**unless** there is a default under the settlement agreement, in which case a proof of claim **must** be filed by the General Bar Date);

(h)     any person that holds a pre-petition claim on account of the Debtor's failure to (y) deliver consumer goods to such person or (z) fulfill a subscription or order for consumer goods paid for by such person; and

(i)     the DIP Lender, and the Prepetition Lenders (each as defined in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing on a Super-Priority, Senior Secured Basis and (B) Use Cash Collateral and (II) Adequate Protection to Certain Prepetition Lenders, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* (the "***Final DIP Order***") [D.I. 232]); provided, however, that: (i) the foregoing exclusion in this subparagraph shall only apply to claims arising from or relating to any of the DIP Obligations or Prepetition Obligations (each as defined in the Final DIP Order); and (ii) any of the foregoing parties that wishes to assert a claim other than a claim arising from or relating to any of the DIP Obligations or Prepetition Obligations (each as defined in the Final DIP Order) will be required to file a proof of claim by the General Bar Date, unless another exception identified in this paragraph 5 applies.

6.     In addition, the following creditors need not file Administrative Expense Claim

Forms by the Administrative Expense Bar Date:

(a)     any creditor that has already properly filed a request for payment of an Administrative Expense Claim that clearly sets forth that such party is asserting an Administrative Expense Claim;

(b)     any creditor whose Administrative Expense Claim has been allowed by a prior order of this Court;

(c)     any creditor whose Administrative Expense Claim has been paid or otherwise satisfied in full by any of the Debtors or any other party;

(d)     any Debtor;

(e)     pursuant to Local Rule 3002-1(a), any governmental units with respect to any proof of claim or application for allowance for any claims covered by Section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code;

(f)     any counterparty to a lease of nonresidential real property or executory contract that asserted an Administrative Expense Claim for a cure amount in connection with an objection to the assumption and assignment of a lease or contract by the Debtors; provided that, any counterparty that previously asserted an unliquidated cure amount that has become liquidated or that

seeks to assert amounts accrued subsequent to the filing of any cure objection must file an Administrative Expense Claim Form asserting an Administrative Expense Claim for such additional amount

(g)     any holder of a claim allowable under Section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense that arose after the date of entry of this Order

(h)     any governmental unit which has an executed settlement agreement with the Debtors in respect of its claims (**unless** there is a default under the settlement agreement, in which case a proof of claim **must** be filed by the General Bar Date);

(i)     the DIP Lender, and the Prepetition Lenders (each as defined in the Final DIP Order); provided, however, that: (i) the foregoing exclusion in this subparagraph shall only apply to Administrative Expense Claims arising from or relating to any of the DIP Obligations or Prepetition Obligations (each as defined in the Final DIP Order); and (ii) any of the foregoing parties that wishes to assert an Administrative Expense Claim other than a claim arising from or relating to any of the DIP Obligations or Prepetition Obligations (each as defined in the Final DIP Order) will be required to file an Administrative Expense Claim Form by the Administrative Claim Bar Date, unless another exception identified in this paragraph 6 applies;

(h)     any professional whose Administrative Expense Claim is for compensation for legal, financial advisory, accounting, and other services and reimbursement of expenses awarded or allowed under Sections 330(a), 331, or 503 of the Bankruptcy Code or who is being compensated pursuant to the Final DIP Order;

(i)     any person that holds a post-petition claim on account of the Debtor's failure to (y) deliver consumer goods to such person or (z) fulfill a subscription or order for consumer goods paid for by such person; and

(j)     any fees of the Office of the United States Trustee arising under 28 U.S.C. § 1930.

7.     Parties asserting claims against the Debtors that arose prior to the Petition Date must use a proof of claim form (the "***Proof of Claim Form***") substantially in the form attached hereto as Exhibit 2, or Official Form 410.

8.     Parties asserting Administrative Expense Claims that accrued after the Petition Date must use the administrative expense claim form (the "***Administrative Expense Claim Form***") substantially in the form attached hereto as Exhibit 3, or Official Form 410.

9.     The following procedures for filing a Proof of Claim Form or Administrative Expense Claim Form shall apply:

(a)     Creditors must deliver the Proof of Claim Form and/or Administrative Expense Claim Form in person, by courier service, hand delivery, via the United States Mail or by overnight delivery service so that it is received on or before 5:00 p.m. Eastern Time on the applicable Bar Date at the following address: Loot Crate Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Additionally, any creditor submitting a Proof of Claim Form or Administrative Expense Claim Form may file it electronically using the interface available on Stretto's website at https://case.stretto.com/lootcrate.

(b)     Forms will be deemed filed when actually received by the Debtors' claim agent, Stretto. ***Forms may not be delivered to Stretto via facsimile or electronic mail transmission***. Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a claim is submitted by one of the methods described above. If a claimant wishes to receive acknowledgement of Stretto's receipt of a Proof of Claim Form or an Administrative Expense Claim Form, the claimant must also submit to Stretto: (i) a copy of the original Proof of Claim Form or Administrative Expense Claim Form; and (ii) a self-addressed, postage prepaid return envelope when submitting its original Proof of Claim Form or Administrative Expense Claim Form. Claimants who submit Proof of Claim Forms or Administrative Expense Claim Forms through Stretto's website interface will receive an email confirmation of such submissions.

(d)     Forms shall be collected, docketed, and maintained by Stretto.

(e)     All forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The form must be written in English, be denominated in United States currency, and conform substantially with the Proof of Claim Form, the Administrative Expense Claim Form, or Official Form 410. Each claim must set forth with specificity the legal and factual basis for the alleged claim. Claimants must attach to the completed form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

(f)    Any creditor asserting claims against multiple Debtors must file a separate form with respect to each Debtor.  Additionally, any creditor filing a claim must identify on its form the particular Debtor against which the creditor asserts its claim.  Any claim filed under the joint administration case number, Old LC, Inc., Case No. 19-11791 (BLS), or that otherwise fails to identify a Debtor shall be deemed as filed only against Debtor Old LC, Inc. If a creditor lists more than one Debtor on any one form, the relevant claims shall be treated as filed only against the first listed Debtor.

10.    Any creditor holding an interest in any Debtor (an "*Interest Holder*"), which interest is based exclusively upon the ownership of: (i) a membership interest in a limited liability company; (ii) common or preferred stock in a corporation; or (iii) warrants or rights to purchase, sell, or subscribe to such a security or interest (any such security or interest being referred to herein as an "*Interest*"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who want to assert claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the Sale, issuance, or distribution of the Interest, must file a claim by the General Bar Date, unless another exception applies.

11.    If the Debtors subsequently amend their Schedules, the Debtors shall give notice of any such amendment to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment to the Debtors' Schedules. If the Debtors amend their Schedules to reduce the undisputed, non-contingent, and liquidated amount of a claim against a Debtor, to change the nature or classification of a claim against a Debtor, or to add a new claim to their Schedules, any affected creditors that dispute such changes must file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein by the Amended Schedules Bar Date.

12.      Creditors that are required to file a proof of claim but that fail to properly file a claim by the applicable Bar Date, shall be forever barred, estopped, and enjoined from: (i) asserting any such claim against the Debtors or their estates or property that (a) is in an amount that exceeds the amount, if any, that is identified in the Debtors' Schedules on behalf of such creditor as undisputed, non-contingent, and liquidated, or (b) is of a different nature, classification, or priority than any claim identified in the Debtors' Schedules on behalf of such creditor; or (ii) voting upon any Chapter 11 plan in these cases, or receiving distributions in these Cases.

13.      Notwithstanding the foregoing, if a creditor's claim was assumed by TLC in connection with the Sale, the failure of the creditor to file a Proof of Claim Form or Administrative Expense Claim Form, as applicable, with respect to such claim by the applicable Bar Date shall not impact TLC's obligation to satisfy such claim.

14.      Pursuant to Local Rule 2002-1(e), on the Service Date (which shall be no later than three business days after entry of this Order), the Debtors, through Stretto, shall serve the Bar Dates Notice Package, including a copy of the Bar Date Notice, the Proof of Claim Form, and the Administrative Expense Claim Form substantially in the forms attached hereto as Exhibit 1, Exhibit 2, and Exhibit 3, respectively, by first-class mail, postage prepaid, to:

(a)      all known potential claimants, including those creditors listed in the Debtors' Schedules as potentially holding claims;

(b)      the U.S. Trustee;

(c)      counsel to the Creditors' Committee;

(d)      all parties that have requested notices in these Cases pursuant to Bankruptcy Rule 2002 as of the date of the Service Date;

(e)      all counterparties to executory contracts and unexpired leases of the Debtors listed in the Schedules or their designated representatives (including all parties to rejected executory contracts and unexpired leases as of the Service Date);

(f)     all parties to pending litigation with the Debtors;

(g)     the Internal Revenue Service for this District and all other taxing authorities for the jurisdictions in which the Debtors conducted business as of Closing Date;

(h)     all relevant state attorneys general;

(i)     the Securities and Exchange Commission;

(j)     all holders of record of any Interests in the Debtors as of the date of the Bar Date Order (although copies of the Proof of Claim Form or Administrative Expense Claim Form will not be provided to them);

(k)     all other creditors listed on the Debtors' creditor matrix;

(l)     all parties that have filed proofs of claim in these Cases as of the date of entry of this Order; and

(m)    counsel to any of the foregoing, if known.

15.     Notwithstanding the previous paragraph, the requirement that the Debtor serve the Bar Dates Notice Package on Consumer Claimants is hereby waived.

16.     On or before the Service Date, the Debtors shall cause the Bar Date Notice, the Proof of Claim Form, and the Administrative Expense Claim Form to be posted on the website established by Stretto for these Cases.

17.     Service of the Bar Dates Notice Package in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Dates to all known claimants.

18.     Pursuant to Bankruptcy Rules 2002(l) and 9008, the Debtors are authorized to publish notice of the Bar Dates substantially in the form attached hereto as Exhibit 4 (the "***Publication Notice***"): (i) once in the national edition of either *The Wall Street Journal* or *USA Today*; and (ii) as may be deemed appropriate in the Debtors' sole discretion, in certain additional local publications.  The Debtors shall cause such publication to occur no later than five business days after the Service Date.

19.     The Debtors and Stretto are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

20.     The entry of this order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file proofs of claim or interest.

21.     The Debtors are directed, within three business days of the entry of this Order, to serve a copy hereof upon all the parties that were served with the Motion, along with any parties that have filed notices of appearance in these Cases since the filing of the Motion.

22.     This Court shall retain exclusive jurisdiction with respect to any and all matters, claims, rights, or disputes arising from or related to the implementation or interpretation of this Order.

# <u>EXHIBIT 1 TO ORDER</u>

## FORM OF BAR DATE NOTICE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|                                      |     |                           |
| ------------------------------------ | --- | ------------------------- |
| In re:                               | )   | Chapter 11                |
|                                      | )   |                           |
| OLD LC, INC., *et al.*,[1]            | )   | Case No. 19-11791 (BLS)   |
|                                      | )   |                           |
|                                      | )   | (Jointly Administered)    |
| Debtors.                             | )   |                           |
|                                      | )   |                           |

## NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM AND
## ASSERTION OF ADMINISTRATIVE EXPENSE CLAIMS

**TO ALL KNOWN CREDITORS OF THE DEBTORS:**

On August 11, 2019 for Old LC, Inc., Old LC Holdings, Inc., and Old LCF, Inc., and on August 12, 2019 (collectively, the "***Petition Date***"), the debtors and debtors in possession in the above-captioned cases (collectively, the "***Debtors***"), filed voluntary petitions for relief (the "***Cases***") under Chapter 11 of the United States Bankruptcy Code (the "***Bankruptcy Code***") with the United States Bankruptcy Court for the District of Delaware (the "***Court***").

On [[_____, 2020]], the Court entered an order (the "***Bar Date Order***") establishing certain claims bar dates for those who wish to assert claims against the Debtors. ***Please read this notice carefully***.[2]

## THE BAR DATES

The Bar Date Order establishes the following bar dates for filing claims in these Cases (collectively, the "***Bar Dates***"):

The General Bar Date.  Pursuant to the Bar Date Order, except as described below, all creditors holding claims, whether secured, priority (including Section 503(b)(9) Claims), or unsecured, against the Debtors that arose prior to the Petition Date must file proofs of claim by the General Bar Date which is ***January 5, 2021 at 5:00 p.m. Eastern Time***.

The Governmental Bar Date.  Pursuant to the Bar Date Order, except as described below, all governmental units holding claims against the Debtors (whether secured, priority, or unsecured) that arose before the Petition Date must file proofs of claim by the Governmental

---

[1]     The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc.  The Debtors' noticing address in these Chapter 11 cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309.

[2.]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

Bar Date, which is the same date and time as the General Bar Date, ***January 5, 2021 at 5:00 p.m. Eastern Time***.

The Rejection Bar Date.  Any creditor whose claims arise from the rejection of an executory contract or unexpired lease pursuant to a Court order (any such order, a "***Rejection Order***") or by operation of Section 365(d)(4) of the Bankruptcy Code, including secured claims, priority claims, and unsecured claims that arose or are deemed to have arisen prior to the Petition Date (collectively, the "***Rejection Damages Claims***"), must file a proof of claim on or before the later of: ***(i) the General Bar Date; or (ii) 5:00 p.m. Eastern Time 30 days after service of a Rejection Order***.

The Amended Schedules Bar Date.  If the Debtors amend their schedules of assets and liabilities (the "***Schedules***") to reduce the undisputed, non-contingent, and liquidated amount of a claim against the Debtors, to change the nature or classification of a claim against the Debtors, or to add a new claim to the Schedules, any affected entities that dispute such changes must file a proof of claim or amend any previously filed proof of claim with regard to the amended scheduled claim on or before the later of: ***(i) the General Bar Date; or (ii) 5:00 p.m. Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment to the Schedules is served on the affected creditor***.

The Administrative Expense Bar Date.  Pursuant to the Bar Date Order, except as described below, and subject to the applicable limitations set forth in Section 503(b)(1)(D) of the Bankruptcy Code, all creditors holding claims of any kind that arose during the period beginning on or after the Petition Date and ending on [[Date of the Bar Date Order]], 2020, must file such claims by the Administrative Expense Bar Date which is the same date and time as the General Bar Date of ***January 5, 2021 at 5:00 p.m. Eastern Time***.

For purposes of this notice, the term "claim" as to or against the Debtors means: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## FILING CLAIMS

### 1.    WHO MUST FILE A CLAIM

Subject to the terms of the Bar Date Order, the following creditors must file proofs of claim, or requests for the payment of Administrative Expense Claims, as applicable, on or before the General Bar Date or the Administrative Expense Bar Date, as applicable:

(a)    any creditor: (i) whose prepetition claim against the Debtors is not listed in the Debtors' Schedules or is listed as disputed, contingent, or unliquidated; and (ii) that desires to participate in these Cases or share in any distributions in these Cases;

(b)     any creditor that believes that its prepetition claim is improperly classified in the Debtors' Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount different from the classification or amount identified in the Schedules; and

(c)     any creditor that asserts an Administrative Expense Claim, other than any governmental units with respect to any proof of claim or application for allowance for any claims covered by Section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code.

## 2.    <u>WHAT TO FILE</u>

### <u>Prepetition Claims</u>

Creditors asserting claims against the Debtors that arose before the Petition Date must use the copy of the proof of claim form (the "***Proof of Claim Form***") included with this notice, or Official Form B10.  Additional copies of the Proof of Claim Forms may be obtained on the Stretto website at https://cases.stretto.com/lootcrate.

### <u>Administrative Expense Claims</u>

Creditors asserting Administrative Expense Claims must use the administrative expense claim form (the "***Administrative Expense Claim Form***") included with this notice, or Official Form B10.  Additional copies of the Administrative Expense Claim Forms may be obtained on Stretto's website at https://cases.stretto.com/lootcrate.

## 3.    <u>WHEN AND WHERE TO FILE</u>

Creditors must deliver the Proof of Claim Form and/or Administrative Expense Claim Form in person or by courier service, hand delivery, or mail so it is received on or before the applicable Bar Date at the following address:

> Loot Crate Claims Processing
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

Additionally, creditors submitting a Proof of Claim Form or Administrative Expense Claim Form may deliver it electronically using the interface available on Stretto's website at https://case.stretto.com/lootcrate.

Forms will be deemed filed when actually received by Stretto, the Debtors' claims agent.  ***Forms may not be delivered via facsimile or electronic mail transmission***.  Any facsimile or electronic mail submissions **will not** be accepted by Stretto.

Forms will be collected, docketed, and maintained by Stretto.  If you want to receive acknowledgement of Stretto's receipt of a form, you must submit by the applicable Bar Date, with your original form: (i) a copy of the original form; and (ii) a self-addressed, postage prepaid return

envelope.  If you submit a Proof of Claim Form or Administrative Expense Claim Form through Stretto's website interface, you will receive an email confirmation of your submission.

When filing a claim, creditors must identify on its form the particular Debtor against which the creditor asserts its claim.  Any creditor asserting a claim against more than one Debtor must file a separate form with respect to each Debtor.  Any claim filed under the joint administration case number, Old LC, Case No. 19-11791 (BLS), or that otherwise fails to identify a Debtor shall be deemed as filed only against Debtor Old LC, Inc.  If a creditor lists more than one Debtor on any one form, the relevant claims shall be treated as filed only against the first listed Debtor.

All forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  The form must be written in English, be denominated in United States currency, and conform substantially with the Proof of Claim Form or the Administrative Expense Claim Form, as applicable.  The Proof of Claim Form or the Administrative Expense Claim Form, of Official Form 410, as applicable, must set forth with specificity the legal and factual basis for the alleged claim.  You must attach to your completed form, any documents on which your claim is based, or, a summary if such documents are too voluminous to attach, or an explanation as to why the documents are not available.

## 4.    ENTITIES NOT REQUIRED TO FILE A CLAIM

The Bar Date Order further provides that the following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need **_not_** file Proof of Claim Forms:

(a)    any creditor that already has filed a signed proof of claim against the Debtors in a form substantially similar to Official Bankruptcy Form No. 410 with: (i) the Clerk of the Bankruptcy Court for the District of Delaware; or (ii) the Debtors' claims and noticing agent, Stretto;

(b)    any creditor: (i) whose claim is not listed as "disputed," "contingent," or "unliquidated" in the Debtors' Schedules; and (ii) that agrees with the nature, classification, and amount of its claim as identified in the Schedules; and (iii) that does not dispute that its claim is an obligation of the specific Debtor(s) in whose Schedules the claim is listed;

(c)    any creditor whose claim against the Debtors previously has been allowed by an order of this Court;

(d)    any holder of a claim that has been paid or otherwise satisfied in full by any of the Debtors or any other party;

(e)    any officer, director, or employee of the Debtors who held such position as of the Petition Date and has a claim against the Debtors for indemnification, contribution, or reimbursement; provided, however, that any of the foregoing parties that wishes to assert a claim other than a claim arising from or relating to indemnification,

contribution, or reimbursement will be required to file a proof of claim by the General Bar Date, unless another exception identified in this Section 4 applies;

(f)     any governmental unit which has an executed settlement agreement with the Debtors in respect of its claims (**unless** there is a default under the settlement agreement, in which case a proof of claim **must** be filed by the General Bar Date);

(g)     the DIP Agent, and the DIP Lender (each as defined in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing on a Super-Priority, Senior Secured Basis and (B) Use Cash Collateral and (II) Adequate Protection to Certain Prepetition Lenders, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* (the "***Final DIP Order***") [D.I. 232]); provided, however, that: (i) the foregoing exclusion in this subparagraph shall only apply to claims arising from or relating to any of the DIP Obligations or Prepetition Obligations (each as defined in the Final DIP Order); and (ii) any of the foregoing parties that wishes to assert a claim other than a claim arising from or relating to any of the DIP Obligations or Prepetition Obligations (each as defined in the Final DIP Order) will be required to file a proof of claim by the General Bar Date, unless another exception identified in this Section 4 applies; and

(h)     any estate professionals.

In addition, the Bar Date Order provides that the following creditors ***not*** be required to file an Administrative Expense Claim Form by the Administrative Expense Bar Date:

(a)     any creditor that has already properly filed a request for the payment of an Administrative Expense Claim that clearly sets forth that such party is asserting an Administrative Expense Claim;

(b)     any creditor whose Administrative Expense Claim has been allowed by a prior order of the Court;

(c)     any creditor whose Administrative Expense Claim has been paid or otherwise satisfied in full by any of the Debtors or any other party;

(d)     pursuant to Local Rule 3002-1(a), any governmental units with respect to any proof of claim or application for allowance for any claims covered by Section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code;

(e)     any counterparty to a lease of nonresidential real property or executory contract that asserted an Administrative Expense Claim for a cure amount in connection with an objection to the assumption and assignment of a lease or contract by the Debtors; provided that, any counterparty that previously asserted an unliquidated cure amount that has become liquidated or that seeks to assert amounts accrued subsequent to the filing of any cure objection must file an Administrative Expense Claim Form asserting an Administrative Expense Claim for such additional amount;

(f) the holder of a claim allowable under Section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense that arose after [[Date of the Bar Date Order]];

(g) any governmental unit which has an executed settlement agreement with the Debtors in respect of its claims (**unless** there is a default under the settlement agreement, in which case a proof of claim **must** be filed by the General Bar Date);

(h) the DIP Agent and the DIP Lenders (each as defined in the Final DIP Order; <u>provided</u>, however, that: (i) the foregoing exclusion in this subparagraph shall only apply to Administrative Expense Claims arising from or relating to any of the DIP Obligations or Prepetition Obligations (each as defined in the Final DIP Order); and (ii) any of the foregoing parties that wishes to assert an Administrative Expense Claim other than a claim arising from or relating to any of the DIP Obligations or Prepetition Obligations (each as defined in the Final DIP Order) will be required to file an Administrative Expense Claim Form by the Administrative Claim Bar Date, unless another exception identified in this Section 4 applies;

(i) any professional advisor whose Administrative Expense Claim is for compensation for legal, financial advisory, accounting, and other services and reimbursement of expenses awarded or allowed under Sections 330(a), 331, or 503 of the Bankruptcy Code or who is being compensated pursuant to the Final DIP Order; and

(j) fees of the Office of the United States Trustee arising under 28 U.S.C. § 1930.

**5.** **<u>NO REQUIREMENTS FOR INTEREST HOLDERS TO FILE PROOFS OF INTEREST</u>**

Any creditor holding an interest in any Debtor (an "***Interest Holder***"), which interest is based exclusively upon the ownership of: (i) a membership interest in a limited liability company; (ii) common or preferred stock in a corporation; or (iii) warrants or rights to purchase, sell, or subscribe to such a security or interest (any such security or interest being referred to herein as an "***Interest***"), need not file a proof of interest on or before the General Bar Date; <u>provided</u>, however, that Interest Holders who want to assert claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the Sale, issuance, or distribution of the Interest, ***<u>must file a claim by the General Bar Date</u>***, unless another exception applies.

**<u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

As described above, any creditor that wishes to assert a Rejection Damages Claim must file a proof of claim for any prepetition damages caused by such rejection, or any other prepetition claims of any kind or nature whatsoever relating to the rejected agreement ***<u>by the Rejection Bar Date.</u>***

## CONSEQUENCES OF FAILURE TO FILE A CLAIM

*Creditors that fail to properly file a claim by the applicable Bar Date shall be forever barred, estopped, and enjoined from: (i) asserting any such claim against the Debtors or their estates or property that (a) is in an amount that exceeds the amount, if any, that is identified in the Debtors' Schedules on behalf of such creditor as undisputed, non-contingent, and liquidated, or (b) is of a different nature, classification, or priority than any claim identified in the Debtors' Schedules on behalf of such creditor; or (ii) voting upon any Chapter 11 plan in these Cases, or receiving any distributions in these Cases.*

Notwithstanding the foregoing, if a claim of any creditor was assumed by TLC in connection with the Sale, the failure of the creditor to file a Proof of Claim Form or Administrative Expense Claim Form, as applicable, with respect to such claim by the applicable Bar Date shall not impact TLC's obligation to satisfy such claim.

## ADDITIONAL INFORMATION

If you require additional information, you may contact Stretto at (877) 272-4403 or by submitting an inquiry on Stretto's website at https://case.stretto.com/lootcrate. Copies of the Bar Date Order and other information regarding the Debtors' Cases are available for inspection free of charge on Stretto's website at https://case.stretto.com/lootcrate.

**ANY HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING MATTERS NOT COVERED BY THIS NOTICE, INCLUDING WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM FORM OR AN ADMINISTRATIVE EXPENSE CLAIM FORM.**

Dated: Wilmington, Delaware
      [[November ____, 2020]]      BY ORDER OF THE COURT

**ROBINSON & COLE LLP**
Jamie L. Edmonson (No. 4247)
1201 North Market Street
Suite 1406
Wilmington, DE  19801
Telephone: (302) 516-1700
Facsimile:   (302) 516-1699
Email:            jedmonson@rc.com

**BRYAN CAVE LEIGHTON PAISNER LLP**
Mark I. Duedall (No. 3346)
Leah Fiorenza McNeill *(Admitted pro hac vice)*
Khaled Tarazi *(Admitted pro hac vice)*
1201 W. Peachtree Street, NW, 14th Floor
Atlanta, Georgia 30309-3471
Telephone: (404) 572-6600

Facsimile:  (404) 572-6999
Email: mark.duedall@bclplaw.com
          leah.fiorenza@bclplaw.com
          khaled.tarazi@bclplaw.com


**BRYAN CAVE LEIGHTON PAISNER LLP**
Andrew J. Schoulder (*Admitted pro hac vice*)
1290 Avenue of the Americas
New York, New York 10104-3300
Telephone: (212) 541-2000
Facsimile:  (212) 541-4630
Email:          andrew.schoulder@bclplaw.com

*Co-Counsel to the Debtors and Debtors-in-Possession*

# **EXHIBIT 2 TO ORDER**
## **FORM OF PROOF OF CLAIM FORM**

**Fill in this information to identify the case:**

Name of Debtor & Case Number:

- ❑ Old LC, Inc. (f/k/a Loot Crate, Inc.) (Case No. 19-11791)
- ❑ Old LC Holdings, Inc. (f/k/a Loot Crate Holdings, Inc.) (Case No. 19-11792)
- ❑ Old LCF, Inc. (f/k/a LC Funding, Inc.) (Case No. 19-11793)
- ❑ Old LC Parent, Inc. (f/k/a Loot Crate Parent, Inc.) (Case No. 19-11794)

**United States Bankruptcy Court for the District of Delaware**

Official Form 410

# Proof of Claim

4/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of administrative expenses arising under 11 U.S.C. §503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice that you received.**

| **Part 1:** | **Identify the Claim** |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

❑ No
❑ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name

Street Address

City              State          ZIP Code

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

Name

Street Address

City              State          ZIP Code

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

❑ No
❑ Yes.  Claim number on court claims registry (if known)_____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

❑ No
❑ Yes.  Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

---

**7. How much is the claim?**

$_____. Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                                    $_____

**Amount of the claim that is secured:**       $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**     $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

---

Official Form 410                                    **Proof of Claim**                                    page 2

| | | Amount entitled to priority |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check all that apply:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $ _____ |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                    MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name      _____
          First name          Middle name          Last name

Title     _____

Company   _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _____
          Number        Street

          _____
          City                          State      ZIP Code

Contact phone  _____        Email  _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to https://cases.stretto.com/lootcrate/claims

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

## **<u>EXHIBIT 3 TO ORDER</u>**

## **FORM OF ADMINISTRATIVE EXPENSE CLAIM FORM**

# UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

**PROOF OF ADMINISTRATIVE CLAIM**

Name of Debtor:
- ☐ Old LC, Inc. (f/k/a Loot Crate, Inc.) (19-11791)
- ☐ Old LC Holdings, Inc. (f/k/a Loot Crate Holdings, Inc.) (19-11792)
- ☐ Old LCF, Inc. (f/k/a LC Funding, Inc.) (19-11793)
- ☐ Old LC Parent, Inc. (f/k/a Loot Crate Parent, Inc.) (19-11794)

NOTE: This form should only be used by claimants as specified in the Notice of the Administrative Expense Claims Bar Date. IT SHOULD NOT BE USED FOR CLAIMS EXCLUDED BY SAID NOTICE NOR SHOULD IT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND AND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(b) AND 507(a)(2)

Name and address of Creditor (The person or other entity to whom the debtor owes money or property):

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone No. of Creditor:

| Creditor Tax ID #: | Account or other number by which Creditor identifies Debtor: | Check here if this claim | ☐ replaces ☐ amends | a previously filed claim, dated: _____ prior claim number, if known: _____ |

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries and compensation (fill out below)
Last four digits of SS #: _____
Unpaid compensations for services performed
from _____ to _____
        (date)            (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Administrative Claim:** $_____

☐ Check this box if your claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Brief Description of Claim (attach any additional information):**

**6. Offsets, Credits and Setoffs**
☐ All payments made on this claim by the Debtor have been credited and deducted from the amount claimed hereon
☐ This claim is not subject to any setoff or counterclaim
☐ This claim is subject to any setoff or counterclaim as follows:

**7. Assignment:**

☐ If the claimant has obtained this claim by assignment, a copy is attached hereto.

**8. Supporting Documents:** *Attach copies of supporting documents.* DO NOT SEND ORIGINAL DOCUMENTS.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Check the appropriate box:

☐ I am the creditor.

☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)

☐ I am the trustee, or the debtor, or their authorized agent.
(See Bankruptcy Rule 3004.)

☐ I am a guarantor, surety, endorser, or other codebtor.
(See Bankruptcy Rule 3005.)

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

_____     _____
(Signature)                         (Date)

Print Name: _____
Title: _____
Company: _____

Address and telephone number (if different from notice address above):
_____
_____
_____

Email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## **EXHIBIT 4 TO ORDER**
**FORM OF PUBLICATION NOTICE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| OLD LC, INC., *et al.*,[1] | ) | Case No. 19- 11791 (BLS) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |

## NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM AND
## ASSERTION OF ADMINISTRATIVE EXPENSE CLAIMS

On August 11, 2019 for Old LC, Inc., Old LC Holdings, Inc., and Old LCF, Inc., and on August 12, 2019 (collectively, the "***Petition Date***"), the debtors and debtors in possession in the above-captioned cases (collectively, the "***Debtors***"), filed voluntary petitions for relief (the "***Cases***") under Chapter 11 of the United States Bankruptcy Code (the "***Bankruptcy Code***") with the United States Bankruptcy Court for the District of Delaware (the "***Court***"). On [[_____,]] 2020, the Court entered an order (the "***Bar Date Order***") establishing certain claims bar dates for those who wish to assert claims against the Debtors. ***Please read this notice carefully***.

## THE BAR DATES

The Bar Date Order establishes the following bar dates for filing claims in these Cases (collectively, the "***Bar Dates***"): The General Bar Date.  Pursuant to the Bar Date Order, except as described below, all creditors holding claims, whether secured, priority (including Section 503(b)(9) Claims), or unsecured, against the Debtors that arose prior to the Petition Date must file proofs of claim by the General Bar Date which is ***January 5, 2021 at 5:00 p.m. Eastern Time***.

The Governmental Bar Date.  Pursuant to the Bar Date Order, except as described below, all governmental units holding claims against the Debtors (whether secured, priority, or unsecured) that arose before the Petition Date must file proofs of claim by the Governmental Bar Date, which is the same date and time as the General Bar Date, ***January 5, 2021 at 5:00 p.m. Eastern Time***.

The Rejection Bar Date.  Any creditor whose claims arise from the rejection of an executory contract or unexpired lease pursuant to a Court order (any such order, a "***Rejection Order***") or by operation of Section 365(d)(4) of the Bankruptcy Code, including secured claims, priority claims, and unsecured claims that arose or are deemed to have arisen prior to the Petition Date (collectively, the "***Rejection Damages Claims***"), must file a proof of claim on or before the later

---

[1]        The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc.  The Debtors' noticing address in these Chapter 11 cases is c/o Bryan Cave Leighton Paisner LLP, Attn: Mark I. Duedall, 1201 W. Peachtree Street, 14th Floor, Atlanta, Georgia 30309.

of: ***(i) the General Bar Date; or (ii) 5:00 p.m. Eastern Time 30 days after service of a Rejection Order***.

The Amended Schedules Bar Date.  If the Debtors amend their schedules of assets and liabilities (the "***Schedules***") to reduce the undisputed, non-contingent, and liquidated amount of a claim against the Debtors, to change the nature or classification of a claim against the Debtors, or to add a new claim to the Schedules, any affected entities that dispute such changes must file a proof of claim or amend any previously filed proof of claim with regard to the amended scheduled claim on or before the later of: ***(i) the General Bar Date; or (ii) 5:00 p.m. Eastern Time on the date that is 30 days after the date that notice of the applicable amendment to the Schedules is served on the affected creditor***.

The Administrative Expense Bar Date.  Pursuant to the Bar Date Order, except as described below, and subject to the applicable limitations set forth in Section 503(b)(1)(D) of the Bankruptcy Code, all creditors holding claims of any kind that arose during the period beginning on or after the Petition Date and ending on [Date of the Bar Date Order], 2020, must file such claims by the Administrative Expense Bar Date which is the same date and time as the General Bar Date of ***January 5, 2021 at 5:00 p.m. Eastern Time***.

1. **WHO MUST FILE A CLAIM**

Subject to the terms of the Bar Date Order, the following creditors must file proofs of claim, or requests for the payment of Administrative Expense Claims, as applicable, on or before the General Bar Date or the Administrative Expense Bar Date, as applicable:

(a) any creditor: (i) whose prepetition claim against the Debtors is not listed in the Debtors' Schedules or is listed as disputed, contingent, or unliquidated; and (ii) that desires to participate in these Cases or share in any distributions in these Cases;

(b) any creditor that believes that its prepetition claim is improperly classified in the Debtors' Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount different from the classification or amount identified in the Schedules; and

(c) any creditor that asserts an Administrative Expense Claim, other than any governmental units with respect to any proof of claim or application for allowance for any claims covered by Section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code.

2. **WHAT TO FILE**

### Prepetition Claims

Creditors asserting claims against the Debtors that arose before the Petition Date must use the copy of the proof of claim form (the "***Proof of Claim Form***") included with this notice, or Official Form B10.  Additional copies of the Proof of Claim Forms may be obtained on the Stretto website at https://cases.stretto.com/lootcrate.

**Administrative Expense Claims**

Creditors asserting Administrative Expense Claims must use the administrative expense claim form (the "***Administrative Expense Claim Form***") included with this notice, or Official Form B10.  Additional copies of the Administrative Expense Claim Forms may be obtained on Stretto's website at https://cases.stretto.com/lootcrate.

3.    **WHEN AND WHERE TO FILE**

Creditors must deliver the Proof of Claim Form and/or Administrative Expense Claim Form in person or by courier service, hand delivery, or mail so it is received on or before the applicable Bar Date at the following address:Loot Crate Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602

Additionally, creditors submitting a Proof of Claim Form or Administrative Expense Claim Form may deliver it electronically using the interface available on Stretto's website at https://case.stretto.com/lootcrate.  ***Forms may not be delivered via facsimile or electronic mail transmission***.

**Creditors that fail to properly file a claim by the applicable Bar Date shall be forever barred, estopped, and enjoined from: (i) asserting any such claim against the Debtors or their estates or property that (a) is in an amount that exceeds the amount, if any, that is identified in the Debtors' Schedules on behalf of such creditor as undisputed, non-contingent, and liquidated, or (b) is of a different nature, classification, or priority than any claim identified in the Debtors' Schedules on behalf of such creditor; or (ii) voting upon any Chapter 11 plan in these Cases, or receiving any distributions in these Cases.**

If you require additional information, you may contact Stretto at (877) 272-4403 or by submitting an inquiry on Stretto's website at https://case.stretto.com/lootcrate.  Copies of the Bar Date Order and other information regarding the Debtors' Cases are available for inspection free of charge on Stretto's website at https://case.stretto.com/lootcrate.

**Dated: November 19th, 2020 Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**