# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Old LC, Inc. *et al.*,[1] | Case No. 19-11791 (BLS) |
| Debtors. | |

**ORDER GRANTING MOTION PURSUANT TO SECTION 362
OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER CONFIRMING
THAT THE AUTOMATIC STAY DOES NOT APPLY TO CERTAIN
DIRECTORS & OFFICERS INSURANCE POLICIES OR THE PROCEEDS
THEREOF OR FOR STAY RELIEF TO THE EXTENT APPLICABLE**

Upon consideration of the motion (the "Motion") of the Debtor for entry of an order pursuant to section 362(d)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), stating that the automatic stay is not applicable to the Allied World Assurance Company (U.S.) Inc., ("AWAC"), Management Liability Package Policy No. 0311-3397 (the "Policy") and the use of the Policy proceeds, or in the alternative, for entry of an order granting stay relief for the purpose of accessing the insurance proceeds; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, its

---

[1] The Debtors are the following four entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Old LC, Inc. (7119), Old LC Holdings, Inc., Old LCF, Inc., and Old LC Parent, Inc. The Debtors' noticing address in these Chapter 11 cases is 3401 Pasadena Avenue, Los Angeles, CA 90031.

creditors, and other parties in interest; and the Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and the Court having reviewed and considered the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The automatic stay imposed under section 362(a) of the Bankruptcy Code does not apply, or, to the extent it does apply, it is lifted and modified to allow AWAC to make payments or advancements in accordance with the terms and conditions of the Policy.

3. Notwithstanding any other provision of this Order, and with the exception of any right of AWAC to seek repayment of amounts advanced consistent with the terms of the Policy, any payment or advancement made by AWAC under the Policy shall not be subject to disgorgement, avoidance, claw back, or any other similar action, claim, or proceeding, whether legal or equitable in nature, brought by any party of interest, including, without limitation, the Debtors.

4. The automatic stay imposed under section 362(a) of the Bankruptcy Code shall not subject AWAC to liability for advancing any payment in connection with past, present, and/or future defense costs and other losses incurred by any Insured with respect to any action or Claim covered by the Policy, subject to AWAC's reservation of rights; *provided, however*, that any future order of this Court modifying or vacating this Order shall not subject AWAC to liability for the advancement of any payment in connection with past, present, and/or future defense costs

and other losses incurred by any Insured with respect to any action or Claim covered by the Policy made prior to the entry of an order modifying or vacating this Order.

5. AWAC, or its representative, shall provide to counsel for the Debtors and the Committee (the "Notice Parties"), via email, by the 10th day after the close of each calendar quarter while this Adversary Proceeding remains pending (the "Reporting Date") a report (the "Report") stating: (a) the amount disbursed under the Policy during the calendar quarter immediately prior to the Reporting Date; and (b) the amount of coverage remaining under the Policy.

6. All Report information shall be provided on an attorneys' eyes-only basis. The Reports shall not include any information subject to attorney-client privilege or the work product doctrine, description of work, billing statements, or time entries, and unless otherwise ordered by the Court, shall not be filed with the Court or shared with anyone other than the Notice Parties.

7. Nothing in this Order modifies the terms and conditions of the Policy, and all parties reserve their rights thereunder.

8. The Court finds that, to the extent the proceeds of the Policy are subsequently determined to be property of the Debtors' bankruptcy estate, and solely for the purpose of implementing the provisions of this Order, pursuant to 11 U.S.C. § 362(d)(1), the automatic stay is hereby lifted for "cause" to allow AWAC to make payments or advancements of proceeds to the Insureds under the Policy in accordance with the terms and conditions of the Policy and this Order.

9. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Order shall be effective and enforceable immediately upon entry of this Order.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 30, 2021

Brendan Linehan Shannon
United States Bankruptcy Judge